Argued and submitted May 10, affirmed December 13, 1995

Robert "Bob" THOMAS,
*Appellant,*

*v.*

STATE OF OREGON,
DEPARTMENT OF STATE POLICE,
aka "OSP," a state agency;
Gilbert Jerry "G.J." Russell,
an OSP official,
*Respondents.*

(93CV3189; CA A84997)

907 P2d 262

James B. Ehrlich argued the cause for appellant. With him on the briefs was Green, Elliott & Ehrlich.

Pamela G. Wood, Assistant Attorney General, argued the cause for respondents. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff brought this action pleading a claim for inverse condemnation and a claim under 42 USC § 1983. The defendants are the state, the Oregon State Police and a state police officer. Plaintiff contended that the 1991 enactment and subsequent enforcement of ORS 167.164 constituted an uncompensated taking of plaintiff's property, in violation of Article I, section 18, of the Oregon Constitution and the Fifth Amendment to the United States Constitution.

ORS 167.164 prohibits and criminalizes, *inter alia*, the manufacture, distribution in various specified ways or possession of "gray machines" (*i.e.*, privately owned machines usable for video poker).[1] Before the statute was enacted, plaintiff was in the business of conducting some of the activities that the statute made illegal. The trial court granted defendants' motion to dismiss both claims pursuant to ORCP 21 A(8). Plaintiff appeals and assigns error to the dismissal of his taking claim.

It has been clearly and repeatedly held that legitimate governmental regulations that are aimed at preventing or correcting public hazards, nuisances or unlawful activities cannot give rise to a taking under either constitution. *Keystone Bituminous Coal Assoc. v. DeBenedictis*, 480 US 470, 491-92 & n 22, 107 S Ct 1232, 94 L Ed 2d 472 (1987); *Suess Builders v. City of Beaverton*, 294 Or 254, 258-59, 656 P2d 306 (1982); *see also Eckles v. State of Oregon*, 306 Or 380, 398, 760 P2d 846 (1988). The prohibition of producing and trafficking in a device usable for gambling is a regulation of that kind. Accordingly, the trial court correctly dismissed the action.

Affirmed.

---

[1] The term "gray machine" derives from the fact that, before 1991, state law did not prohibit the possession of such devices for purely amusement purposes, but prohibited the use of the machines for gambling. In addition, before 1991, localities had the option of banning the devices altogether.