Argued and submitted February 16, 1995, affirmed January 3, 1996

## OK NOVELTY SERVICE, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## STATE OF OREGON
and Oregon State Lottery Commission,
*Respondents.*

(921324; CA A82388)

909 P2d 183

Jad Lemhouse argued the cause and filed the briefs for appellant.

Virginia L. Linder, Solicitor General, argued the cause for respondents. With her on the brief were Theodore R. Kulongoski, Attorney General, and Pamela G. Wood, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff brought an action to recover compensation for an alleged taking of its property by the state. Before December 1, 1991, plaintiff owned and leased to others in Oregon 78 electronic amusement devices that qualify as "gray machines" under ORS 167.117(7). That statute defines gray machines to be certain electrical or electro-mechanical devices that are used to play games.

In 1991, the Oregon legislature enacted ORS 167.164, which, among other things, made it unlawful for a person to lease, service or possess a gray machine in Oregon after December 1, 1991. As a consequence, plaintiff terminated its gray-machine leases and sold, moved out of state or destroyed its machines. It then sought compensation from the state and the state lottery commission, contending that the enactment and enforcement of ORS 167.164 constituted an uncompensated taking of its property in violation of Article I, section 18, of the Oregon Constitution and the Fifth Amendment to the United States Constitution.[1] The trial court dismissed plaintiff's claims under ORCP 21 A(8) for failure to state a claim, and plaintiff appealed.

The issues raised by plaintiff under Article I, section 18, and the Fifth Amendment are identical to those presented in *Thomas v. Dept. of State Police*, 138 Or App 209, 907 P2d 262 (1995). For the reasons stated in *Thomas*, the trial court correctly dismissed plaintiff's claims under those provisions.

Plaintiff also argues on appeal that it alleged a claim for damages under Article I, section 10, of the United States Constitution,[2] based on its contention that enactment of ORS 167.164 impaired the obligation of the contracts under which it leased its gray machines, and that the trial court erred in dismissing that claim. Plaintiff's original complaint alleged such a claim, but plaintiff voluntarily withdrew that claim when it filed its amended complaint.

---

[1] Article I, section 18, provides, as relevant, that "[p]rivate property shall not be taken for public use * * * without just compensation." The Fifth Amendment provides, as relevant, that "private property [shall not be taken] for public use, without just compensation."

[2] Article I, section 10, provides, as relevant, that "[n]o State shall * * * pass any * * * Law impairing the Obligation of Contracts."

Plaintiff now contends, however, that the second claim in its amended complaint should be understood to allege such a claim. Plaintiff makes that argument even though (1) the claim is labeled a claim for inverse condemnation, (2) the claim nowhere mentions Article I, section 10, or impairment of contractual obligations and (3) the claim's operative allegation about a constitutional violation is that the taking of plaintiff's gray machines

"denied Plaintiff all economically viable use of [its] Leases and [took] Plaintiff's private property for public use without just compensation in violation of Plaintiff's rights as contained in Article I, section 18 of the Oregon Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."

Plaintiff reasons that the facts alleged in the claim satisfy all the requirements of a claim for impairment of contractual obligations in violation of Article I, section 10, notwithstanding the label attached to the claim, so the trial court should have denied defendants' motion to dismiss the claim for failure to state a claim. Plaintiff did not make that argument to the trial court in opposing defendants' motion, and the argument is not one that we can consider for the first time on appeal. *See, e.g., Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-82, 823 P2d 956 (1991).

Affirmed.