Submitted on record and briefs July 7, sentences vacated; remanded for resentencing; otherwise affirmed August 30, 2006

STATE OF OREGON,
*Respondent,*

*v.*

DERRICK COE BAKER,
*Appellant.*

041250; A127486

142 P3d 121

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

**PER CURIAM**

Defendant was convicted of one count of felony driving under the influence of intoxicants (DUII), ORS 813.010, and one count of driving while suspended, ORS 811.182. On the DUII conviction, the trial court sentenced defendant to an upward departure sentence of 60 months' imprisonment and imposed a 24-month post-prison supervision term. On the remaining conviction, the court imposed a sentence of six months' probation. On appeal, defendant asserts that the trial court erred in imposing an incarceration term and post-prison supervision term on the DUII conviction that exceeds the statutory maximum indeterminate sentence for that offense. The state concedes that the sentence was erroneous. We agree and therefore accept the state's concession.

The maximum indeterminate sentence for felony DUII, a Class C felony, is five years. ORS 161.605. OAR 213-005-0002(4) provides that the "term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime[.]" Although defendant did not preserve that claim of error, we conclude that it is apparent on the face of the record. *State v. Remme*, 173 Or App 546, 565-66, 23 P3d 374 (2001). For the reasons enunciated in *Remme*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.