Submitted July 31, remanded for resentencing; otherwise affirmed September 10, petition for review denied November 26, 2008 (345 Or 418)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANNY DONNELL McFADDEN,
*Defendant-Appellant.*

Lincoln County Circuit Court
060004; A132152

193 P3d 31

Mary M. Reese filed the opening brief and a supplemental brief for appellant.

Danny D. McFadden filed a supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant, who was convicted of several offenses, including felony driving under the influence of intoxicants, ORS 813.010, argues on appeal that the trial court erred in several respects in imposing his sentence on the conviction for driving under the influence. In particular, defendant argues that (1) one of the factors found by the jury on which the court relied in imposing an upward departure sentence was not a proper consideration in the present case and (2) the sentence is unlawful as a matter of law because the total term, including imprisonment and post-prison supervision, exceeds the maximum indeterminate sentence permissible for the offense under ORS 161.605. The state responds that the court correctly relied on the departure factor that defendant challenges, but concedes that defendant's second argument is well taken, *viz.*, that the total sentence exceeds the maximum allowable by law. We agree that the sentence exceeds the maximum allowable by law and that resentencing is required on that basis. Accordingly, we do not reach defendant's other assignment of error, given that the issue may not arise on remand.[1]

Defendant's challenge to the total sentence length is unpreserved. Nonetheless, we have previously concluded that this type of error is apparent on the face of the record and have remanded for resentencing based on that error. *See State v. Baker*, 207 Or App 516, 142 P3d 121 (2006); *State v. Remme*, 173 Or App 546, 23 P3d 374 (2001). In light of the gravity of the error, and the state's concession, we exercise our discretion to correct it. *See generally Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

Remanded for resentencing; otherwise affirmed.

---

[1] The state suggests that, rather than simply remanding for resentencing, we should remand with instructions for the trial court to eliminate the period of post-prison supervision. Under ORS 138.222(5)(a), however, this court is required to "remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."