Submitted October 4, 2019; remanded for resentencing, otherwise affirmed January 2, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW MASCARENAS,
aka Andrew N. Mascarenas,
*Defendant-Appellant.*

Washington County Circuit Court
18CR05536; A167765

454 P3d 845

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the opening and supplemental briefs for appellant. Andrew Mascarenas filed the supplemental and reply briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants (DUII) and reckless driving. Save for defendant's first assignment of error, we reject without written discussion defendant's assignments of error raised in his briefing, supplemental briefing (a nonunanimous jury instruction challenge), and *pro se* supplemental briefing. In the first assignment of error, defendant contends that the trial court plainly erred in imposing a sentence of 60 months' imprisonment *and* 24 months' post-prison supervision on the DUII conviction, because the imposed sentence exceeds the statutory maximum for a Class C felony, ORS 161.605(3). *See, e.g.*, *State v. Baker*, 207 Or App 516, 517, 142 P3d 121 (2006) (concluding that it was error apparent on the record to impose a sentence for a felony DUII conviction greater than the maximum indeterminate sentence of 60 months). The state concedes that the error is plain; we agree and accept the concession. For the reasons expressed in *State v. Remme*, 173 Or App 546, 565 & n 15, 23 P3d 374 (2001) (the state's concession of error, the significance of the error to the defendant's liberty interest, and the ease of correction on remand), we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.