Argued and submitted March 6, the decision of the Court of Appeals reversed and case remanded to the Court of Appeals for further consideration December 12, 1991

Jerald E. AILES,
*Respondent on Review,*

*v.*

PORTLAND MEADOWS, INC.,
*Petitioner on Review.*

(CC A8704 02489; CA A60011; SC S37666)

823 P2d 956

John R. Faust, Jr., of Schwabe, Williamson & Wyatt, Portland, argued the cause and filed the petition for petitioner on review.

Mark E. Griffin, Portland, argued the cause and filed the response to the petition for respondent on review.

Before Peterson,** Chief Justice, and Carson,*** Gillette, Van Hoomissen, Fadeley, and Graber, Justices.

VAN HOOMISSEN, J.

** Chief Justice when case was argued.
*** Chief Justice when this decision was rendered.

## VAN HOOMISSEN, J.

The issue in this case is whether the Court of Appeals erred when it decided this case on an issue that was neither preserved in the trial court nor raised in appellant's opening brief on appeal. We hold that it did err and, accordingly, reverse.

Plaintiff, a professional jockey, was injured while riding at defendant's racetrack. His complaint alleged that his injuries were caused by defendant's negligence.

Before trial, defendant moved to dismiss the complaint on the ground that the statute of limitations, ORS 12.110(1), barred the claim.[1] The motion was denied.

At trial, defendant moved for a directed verdict at the conclusion of plaintiff's evidence and again at the close of all the evidence. ORCP 60. It based both motions on grounds unrelated to ORS 12.110(1). Both motions were denied. After the jury returned a verdict in plaintiff's favor, defendant moved for judgment notwithstanding the verdict (*n.o.v.*) on the grounds that it previously had asserted in its directed verdict motions. The motion was denied.

Three weeks later, defendant again moved for judgment *n.o.v.* and, in the alternative, for a new trial. Among other things, it argued that plaintiff's claim was time-barred under ORS 12.110(1). Basing its ruling solely on defendant's statute of limitations argument, the trial court granted defendant's motion for judgment *n.o.v.*

Plaintiff appealed. He argued that his action was timely, because the statute of limitations had been tolled. In his opening brief in the Court of Appeals, plaintiff asserted:

"There is a *single* issue on appeal: did the trial court err by ruling that plaintiff had not timely commenced this action, or

---

[1] ORS 12.110(1) provides:

"An action * * * for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

The statute of limitations argument in defendant's pretrial motion to dismiss was not at issue on appeal and is not an issue on review. Defendant concedes that the motion to dismiss properly was denied, not on the merits, but because the running of the statute of limitations did not appear on the face of the pleadings. ORCP 21A.

was the limitations period tolled, pursuant to ORS 12.155(2), as a result of advance payments made by defendant to plaintiff[?]" (Emphasis added.)

However, in his reply brief, plaintiff also argued that the trial court erred, because defendant had "waived" its right to move for judgment *n.o.v.* on the statute of limitations ground by not raising that issue in its motion for directed verdict at the close of all the evidence. Plaintiff relied on ORCP 63A.[2] *See Vancil v. Poulson,* 236 Or 314, 320, 388 P2d 444 (1964) (deciding under predecessor statute to ORCP 63A that a motion for judgment *n.o.v.* may not be granted upon grounds not previously asserted in motion for directed verdict). Plaintiff had not made that additional argument in the trial court or in his opening brief in the Court of Appeals.

The Court of Appeals did not reach the tolling issue raised by plaintiff's assignment of error. *Ailes v. Portland Meadows,* 104 Or App 115, 119 n 3, 799 P2d 203 (1990). Instead, the court decided the case on plaintiff's waiver argument, notwithstanding plaintiff's failure to preserve that issue in the trial court or to raise it in his opening brief on appeal. 104 Or App at 118. The court held that a motion for a directed verdict or its equivalent is a condition precedent to the exercise of a trial court's power to render a judgment *n.o.v.*, and that in this case defendant's failure to move for a directed verdict on ORS 12.110(1) grounds "is not jurisdictional, but makes the [trial] court's allowance of a judgment *n.o.v.* error."

"The fact that plaintiff's [waiver] argument was not made in the trial court could not give the [trial] court authority to grant the motion for judgment *n.o.v.*, if it otherwise lacked that authority." *Ailes v. Portland Meadows, Inc., supra,* 104 Or App at 118.

Because defendant had failed to raise the ORS 12.110(1) issue by motion for a directed verdict or its equivalent, the Court of Appeals concluded that the trial court had no "authority" to

---

[2] ORCP 63A provides:

"When a motion for a directed verdict, made at the close of all the evidence, which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

grant defendant's motion for judgment *n.o.v.* on that ground. Accordingly, the court reversed the judgment and remanded for reinstatement of the jury verdict and entry of judgment thereon.

■ On review, we have no occasion to agree or disagree with the Court of Appeals' holding on the merits, that the trial court erred in granting a motion for judgment *n.o.v.* on a ground not previously asserted in a motion for a directed verdict at the close of all the evidence. The dispositive issue before this court is whether the Court of Appeals properly considered whether it should reach the perceived error. For the reasons discussed below, we hold that it did not.

■ Generally, before an appellate court may address whether a trial court committed an error in any of the particulars of the trial of a case, the adversely affected party must have preserved the alleged error in the trial court and raised the issue on appeal by an assignment of error in its opening brief. ORAP 5.45(2);[3] *State v. Hickmann*, 273 Or 358, 360, 540 P2d 1406 (1975); *see also Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977) (preservation of error generally required).

■ Plaintiff's waiver argument was not made in the trial court and, thus, was not preserved. Moreover, plaintiff did not raise the issue by assignment of error and made no argument concerning waiver in his opening brief on appeal; the issue arose only in his reply brief. Defendant, therefore, had no opportunity to submit a written response to plaintiff's waiver argument and, thus, the Court of Appeals did not have the benefit of such written response.[4] We conclude that the

---

[3] ORAP 5.45(2) provides:

"*No matter* assigned as error *will be considered* on appeal *unless* it was *preserved in the lower court and assigned as error in the party's opening brief*; provided that the appellate court may consider errors of law apparent on the face of the record." (Emphasis added.)

*See also* ORAP 5.45(1) (assignments of error required to be in opening brief); ORAP 5.70(1) (content of reply brief is to be confined to matters raised in respondent's brief or answering brief of cross-respondent).

[4] Before oral argument in this court, we submitted preliminary questions to the parties. One of those questions asked what the effect was of defendant's failure to move to strike the argument in plaintiff's reply brief or to move for an opportunity to respond to the argument. We agree with defendant's answer that it was not required to move to strike the argument in plaintiff's reply brief. Such a requirement would be

issue of waiver was not properly preserved at trial or raised on appeal.[5] Notwithstanding that conclusion, our inquiry as to whether the Court of Appeals should have reached that issue is not at an end.

■      An appellate court's decision to consider an unpreserved or unraised error is not *per se* erroneous. *See State v. Kessler*, 289 Or 359, 371 n 17, 614 P2d 94 (1980) (failure to preserve an error does not automatically preclude appellate review). An appellate court may, for example, consider errors not properly preserved or raised if they are "errors of law apparent on the face of the record." ORAP 5.45(2); *see also State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990) (articulating standards that appellate courts apply under ORAP 5.45(2)).

■      Plaintiff argues that the Court of Appeals applied that exception in deciding this case. We disagree. In *State v. Brown*, *supra*, we refined the procedure that an appellate court should follow before reaching an inadequately preserved or raised claim of error. We stated that the error must be one "of law"; that it must be "apparent," *i.e.*, the point must be obvious, not reasonably in dispute; and that it must appear "on the face of the record," *i.e.*, the reviewing court must not need to go outside the record to identify the error or

redundant of ORAP 5.45(2), which provides that an error will not be considered by an appellate court when the error is not preserved in the trial court and raised in the complaining party's opening brief. An opposite answer would create a new and unnecessary motion practice.

We also agree with defendant that it was not required to move for an opportunity to respond to plaintiff's argument and that it should not be prejudiced for not having done so. Many of this court's cases have denied appellants the benefits of arguments not preserved or timely raised without requiring the other party to make any sort of motion. *See e.g., Robinson v. Omark Industries*, 291 Or 5, 7, 627 P2d 1263 (1981) (this court dismissed *sua sponte* the petition for review after oral argument, because the issue on review had not been raised by the appellant until his reply brief); *Travelers Indemnity v. American Insurance*, 278 Or 193, 199, 563 P2d 684 (1977) (matters argued in appellant's brief but not argued to trial court should not be considered on appeal absent special circumstances).

[5] It is proper to distinguish between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. The first ordinarily is essential, the second less so, the third least. *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988); *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 369-70 n 12, 723 P2d 298 (1986).

choose between competing inferences, and the facts constituting the error must be irrefutable. 310 Or at 355-56.

■ ■ Even if the error meets that test, however, the appellate court must exercise its discretion to consider or not to consider the error, and if the court chooses to consider the error, the court must articulate its reasons for doing so. *See State v. Brown, supra*, 310 Or at 355-56 (applying this method). This is not a requirement of mere form. A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error. It also undercuts the established manner in which an appellate court ordinarily considers an issue, *i.e.,* through competing arguments of adversary parties with an opportunity to submit both written and oral arguments to the court. Moreover, by *expressly* following the prescribed method of recognizing unpreserved or unraised error, much greater efficiency in the review process between appellate courts is facilitated by giving this court the benefit of the recognizing court's reasoning.[6]

■ Extrapolating from *State v. Brown, supra*, we conclude that when a claim of error appropriately is identified as an error of law apparent on the face of the record and the Court of Appeals expressly exercises its discretion to recognize that error, this court normally will not second-guess that exercise of discretion. However, a decision that considers a claim of error without an express conclusion that the error is one of law apparent on the face of the record, and without an express statement of the basis for the discretionary consideration of the claim of error, is itself erroneous. In consideration of the claim of error in this case, the Court of Appeals failed in both respects.

---

[6] In future applications of this rule, in deciding whether to exercise its discretion to consider an error of law apparent on the face of the record, among the factors that a court may consider are: the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.,* whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error. *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990); *State v. Avent*, 209 Or 181, 183, 302 P2d 549 (1956). Those factors do not comprise a necessary or complete checklist; they merely are some of the permissible considerations.

■ Moreover, independent of that conclusion, we hold that the Court of Appeals erred in one other respect, *viz.* the court's apparent view that it was compelled to exercise its discretion to review the alleged error in this case. *See Ailes v. Portland Meadows, Inc., supra,* 104 Or App at 118. In considering plaintiff's "waiver" argument, the Court of Appeals relied on this court's decision in *Stark v. Henneman,* 250 Or 34, 36, 440 P2d 364 (1968). *Stark* held that a motion for directed verdict is a "condition precedent to the exercise of the court's power to render a judgment *n.o.v.*" Although the Court of Appeals' reading of *Stark* as a mandate to reach errors of the sort involved here, is plausible, we now reject such an interpretation of *Stark's* holding. The Court of Appeals treated the trial court's error much as it might have treated lack of subject matter jurisdiction, which may be raised at any time, although the Court of Appeals expressly recognized that in this case the issue was not a jurisdictional concern. *Ailes v. Portland Meadows, Inc., supra,* 104 Or App at 118.[7]

Whatever the Court of Appeal's motivation in reaching the alleged error here, we disagree that it was *compelled* to do so. To be sure, procedural limits on a trial court's authority to act are important. If a trial court takes an action that exceeds its authority, that action may be voidable; and if a party that is affected adversely by such an action properly objects in the trial court and properly raises the issue on appeal, the appellate court may nullify it. However, where the trial court exceeds its procedural "authority" to act, such action is not void. *Cf. State ex rel Mix v. Newland,* 277 Or 191, 199 n 5, 560 P2d 255 (1977) (discussing these concepts in contempt context).[8]

---

[7] In *Barr v. Linnton Plywood Ass'n,* 223 Or 541, 542-43, 352 P2d 596, 355 P2d 256 (1960), this court implicitly held that such an error is not jurisdictional. In *Barr,* the defendant did not move for a directed verdict. However, the trial court granted defendant's motion for judgment *n.o.v.* On appeal, this court noted the error but would not consider it *sua sponte,* because the plaintiff had not complained of the error at trial or on appeal. Had the error been jurisdictional, this court would have had an independent duty to consider it despite lack of proper preservation. *Robertson v. Henderson,* 181 Or 200, 205, 179 P2d 742 (1947).

[8] In *State ex rel Mix v. Newland,* 277 Or 191, 199 n 5, 560 P2d 255 (1977), this court stated: "Since the trial court in this case had both jurisdiction of the subject matter and jurisdiction over the parties, its decree, though in excess of its proper authority, was not void but merely voidable."

Plaintiff's waiver argument neither was preserved in the trial court nor properly raised on appeal. As discussed above, a failure in either respect on a given claim of error normally will preclude its consideration on appeal. ORAP 5.45(2). The Court of Appeals chose, nonetheless, to reach plaintiff's argument. Although that court has discretion to consider an error of law apparent on the face of the record, the exercise of that discretion must be express; it was not here. Moreover, the Court of Appeals' apparent motivation for its decision was wrong. Therefore, the Court of Appeals' decision must be reversed and remanded. *Cf. Jefferson County School Dist. No. 509-J v. FDAB*, 311 Or 389, 397-99, 812 P2d 1384 (1991) (erroneous conception of teacher's duty which permeated agency's sanction analysis was legal error requiring remand).

On remand, the Court of Appeals may or may not decide that the claimed error in this case is one of law apparent on the face of the record. In the event that it does, we express no opinion as to whether the court should exercise its discretion to consider plaintiff's waiver argument on the merits. That decision is for the Court of Appeals in the first instance. If the court does exercise its discretion in that regard, it must explain why it did so.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further consideration.