Argued and submitted May 1, 1997, petition for review dismissed as improvidently allowed April 30, 1998

Victoria BROKENSHIRE,
*Respondent on Review,*

*v.*

RIVAS AND RIVAS, LTD.,
an Oregon corporation,
dba Cascade Pacific Group,
*Petitioner on Review.*

(CC 940100028; CA A87637; SC S43650)

957 P2d 157

Thomas A. Gordon, of Gordon & Polscer, Portland, argued the cause and filed the briefs for petitioner on review.

James D. Huegli, Portland, argued the cause for respondent on review. With him on the brief was M. Elizabeth Duncan, of Greene & Markley, P.C., Portland.

Robert K. Udziela, of Pozzi Wilson Atchinson, LLP, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Karen O'Kasey, of Schwabe, Williamson & Wyatt, Portland filed an brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Kulongoski, Justices.**

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision; Durham, J., did not participate in the consideration or decision of this case.

## MEMORANDUM OPINION

This is a strict products liability case. We allowed review to consider whether the trial court properly denied defendant's motion for a directed verdict.

In the Court of Appeals, defendant argued, *inter alia*, that it had provided a service, not a product, and, therefore, that plaintiff had no claim under ORS 30.920.[1] Plaintiff responded that defendant never had argued at trial that it had provided a service rather than a product and, therefore, that the issue had not been preserved for appeal.

A majority of the Court of Appeals' panel concluded that the issue had been preserved at trial and held that defendant had provided a product. *Brokenshire v. Rivas and Rivas, Ltd.*, 142 Or App 555, 922 P2d 696 (1996). Without addressing whether the issue had been preserved at trial, the dissenting judge concluded that plaintiff's claim was a claim for negligent installation and that the trial court erred in allowing that claim to go to the jury under the strict products liability statute. *Id.* at 569. This court allowed defendant's petition for review. *Brokenshire v. Rivas and Rivas, Ltd.*, 324 Or 487, 930 P2d 851 (1996). We now conclude that we cannot reach the issue that prompted that allowance.

In the Court of Appeals and in this court, plaintiff consistently has argued that defendant never argued at trial that it had provided a service rather than a product. On review of the entire record, we agree. That claim of error appeared for the first time in defendant's opening brief in the Court of Appeals. Accordingly, review should not have been allowed. *See* ORAP 5.45(2) (no assignment of error will be considered on appeal unless preserved in lower court); *Ailes*

---

[1] ORS 30.920 provides, in part:

"(1) One who sells or leases any product in a defective condition unreasonably dangerous to the user or consumer or to the property of the user or consumer is subject to liability for physical harm or damage to property caused by that condition, if:

"(a) The seller or lessor is engaged in the business of selling or leasing such a product; and

"(b) The product is expected to and does reach the user or consumer without substantial change in the condition in which it is sold or leased."

*v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991) (generally, before appellate court may address whether trial court committed error, adversely affected party must have preserved alleged claim of error in trial court).

Petition for review dismissed as improvidently allowed.