Submitted on record and briefs July 1, 2005, affirmed November 1, 2006

STATE OF OREGON,
*Respondent,*

*v.*

ELISABETH GABRIELE HAYES,
*Appellant.*

0327060; A122539

146 P3d 346

Elisabeth G. Hayes filed the briefs *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals her convictions of two Class B traffic violations, driving uninsured, ORS 806.010, and operating a vehicle without driving privileges, ORS 807.010. She first assigns error to the circuit court's denial of her motion under ORS 52.060 to be represented at trial by a person who was not an attorney, which we address. She makes other assignments of error that we reject without discussion. We affirm.

The material facts, which largely concern the procedural posture of the case, are undisputed. A deputy sheriff stopped defendant in a vehicle in Jackson County and cited her for operating the vehicle without driving privileges and without insurance. The citation instructed defendant to appear in Jackson County Justice Court. After defendant's first appearance, the justice court issued an order that transferred her case to Jackson County Circuit Court because the justice of the peace had disqualified himself.[1] The order also instructed defendant to appear in that court. Defendant then filed a motion in circuit court[2] under ORS 52.060 to have her nonattorney husband represent her. On the scheduled hearing date, defendant's husband tried to appear as counsel for defendant. The circuit court denied defendant's pretrial motion, her courtroom motions, and related objections, and ruled that it sat as a circuit court before which anyone acting as counsel must have legal authority to practice law. Defendant proceeded *pro se* at trial, the court found her guilty, and defendant has continued to act *pro se* on appeal to us.

As a preliminary matter, we address and reject the state's only argument against this assignment of error—that

---

[1] JR 2-106(A) of the Oregon Code of Judicial Conduct provides, in part, that

"[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality reasonably may be questioned, including but not limited to instances when

"(1) the judge has a bias or prejudice concerning a party or has personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

[2] Defendant filed several documents with titles that were variations on the theme of "judicial notice of offer of proof." Because she acted *pro se* and conveyed a comprehensible request to the court through those documents, we accept that she effectively made a pretrial motion.

defendant did not preserve the claim of error because she failed to appeal the justice court decision to transfer her case to circuit court. The state contends that defendant's first assignment of error challenges whether her case was properly transferred to circuit court from justice court, and, based on that contention, it asserts that defendant's appeal of that ruling by the justice court is untimely. We disagree with the state's characterization of defendant's assignment of error.

■ What defendant contends is that the circuit court improperly failed to function as a justice court at trial, not that the justice court improperly transferred her case. The general rule is that the appellant "must have preserved the alleged error in the trial court and raised the issues on appeal by an assignment of error in its opening brief." *Ailes v. Portland Meadows*, 312 Or 376, 380, 823 P2d 956 (1991). Defendant asserted, both in pretrial submissions and at trial, that the circuit court sat as a justice court under the circumstances of this case and that she had a right to be represented in her case by someone who was not an attorney. At trial, she objected to the court's denial of her motions. In her opening brief to this court, she assigned error to the circuit court's denial of her motions. The conviction in circuit court on traffic offenses gave defendant a right to appeal to this court and to raise on appeal the issues that she preserved at trial. ORS 153.121(2).

■ We proceed to the merits of defendant's first assignment of error. Defendant asserts that the trial court erred in hearing her case under the law governing circuit court proceedings rather than justice court proceedings. She argues that the justice court's authority to transfer her case to circuit court arose under ORS 51.300, which provides:

"A judge of the circuit court for a county, or any justice of the peace for a justice court district located within the county, may exercise the powers and duties of justice of the peace of any justice court in the county:

"(1) At the request of the justice of the peace of the justice court;

"(2) In the event of a vacancy in the office of the justice of the peace, until the vacancy is filled as provided by law; or

"(3) In the event of absence, incapacity or disqualification of the justice of the peace, during the period of absence, incapacity or disqualification."

In defendant's view, a circuit court judge who exercises the powers and duties of a justice of the peace under ORS 51.300 acts as a justice of the peace and not as a circuit court judge. Consequently, proceedings before such a circuit court judge are proceedings in justice court rather than circuit court and are governed by the statutes that apply to justice courts. One such statute is ORS 52.060, which permits "[a]ny person [to] act as attorney for another in a justice court * * *." Hence, in her view, the circuit court erred in denying her motions to permit her husband to act as her attorney in this case.

We need not resolve whether defendant is correct that a circuit court judge acting pursuant to ORS 51.300 acts as a justice of the peace and must conduct proceedings in accordance with the justice court statutes. That is because we conclude that the circuit court's authority to act in this case was not based on ORS 51.300.

ORS 51.300 deals with a variety of circumstances in which it is useful or necessary to have someone conduct proceedings *for* a justice of the peace. For example, a justice might schedule an extended vacation and ask another justice or a circuit court judge to sit for her in her absence, as ORS 51.300(1) provides. Similarly, a justice could become ill and incapacitated for an extended time and need to have someone sit in his or her place. ORS 51.300(3). In each case, the person who sat in justice court *for* the absent justice could be said to be acting *as* a justice of the peace.

That is not what happened here. The justice of the peace who recused himself did not ask a circuit court judge to sit for him, nor did the circuit court judge assume the duties of a justice of the peace and sit for the justice during a period in which the justice was disqualified from performing his duties. *See* ORS 51.300(1), (3). Instead, the justice transferred *the case* to the circuit court, which had subject matter jurisdiction over the traffic violations at issue. *See, e.g.*, ORS 3.132. Hence, there was no impediment to the circuit court's exercise of jurisdiction over defendant in the case. Because

the justice court transferred the case to the circuit court, it was subject to trial in accordance with circuit court statutes and rules rather than justice court statutes and rules. Consequently, the trial court did not err in denying defendant's motions under ORS 52.060 to be represented by her husband.

Affirmed.