491

Submitted on record and briefs March 2, affirmed May 2, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN SZOKE,
*Defendant-Appellant.*

Marion County Circuit Court
02C-43092; A120067 (Control)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER DONALD SZOKE,
*Defendant-Appellant.*

Marion County Circuit Court
02C-49863; A120068

157 P3d 1239

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Christopher D. Szoke filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant, who was convicted of attempted assault in the second degree, ORS 161.405; ORS 163.175, interference with making a report, ORS 165.572, and tampering with a witness, ORS 162.285, appeals, raising a battery of asserted errors. We reject without written discussion all but two of those assignments of error and, for the reasons that follow, reject the remaining two as well. Accordingly, we affirm.

■ ■  Defendant first assigns error to the trial court's admission of evidence of a 1996 incident in which defendant allegedly threatened and attempted to assault both his mother and responding police officers. Defendant contends that, under the standards prescribed in *State v. Johns*, 301 Or 535, 555-56, 725 P2d 312 (1986), that evidence was not admissible under OEC 404(3). A detailed description of the proffered evidence and of the circumstances of the crimes charged here would be of no benefit to the public or to the bench and bar. It suffices to say that we agree with defendant that evidence of the 1996 incident was not relevant to his alleged intentional mental state in engaging in the charged conduct here—and, particularly, that that evidence did not satisfy *Johns*'s third ("same class of victim") and fifth (similarity of "physical elements") requisites. Nevertheless, based on our review of the totality of the record—including defendant's admissions in this case, the discrepancies between his claim of "no intent" and the physical circumstances of his conduct, and evidence of other incidents in which defendant had assaulted a former girlfriend and then offered *post hoc* rationalization of those assaults—we determine that there is "little likelihood" that the erroneously admitted evidence "affected the [jury's] verdict." *State v. Davis*, 336 Or 19, 33, 77 P3d 1111 (2003). Thus, the error was harmless.

In a supplemental brief, defendant contends that the admission of portions of police officers' testimony pertaining to defendant's assaults on his former girlfriend, in which officers recounted that victim's statements, violated defendant's constitutional confrontation rights under the principles expressed in *Crawford v. Washington*, 541 US 36, 124 S Ct

1354, 158 L Ed 2d 177 (2004), which was decided nearly two years after the trial here. That contention was unpreserved; not surprisingly, the only objection raised below was a nonconstitutional objection that that testimony was inadmissible hearsay. Even assuming, without deciding, that the admission of those portions of the officers' accounts was error apparent on the face of the record, ORAP 5.45(1), we decline to exercise our discretion to review and remedy such error, *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), for the reasons stated in *State v. Cox*, 337 Or 477, 500, 98 P3d 1103 (2004), *cert den*, 546 US 830 (2005), and *State v. Poitra*, 206 Or App 207, 212-16, 136 P3d 87, *rev den*, 341 Or 245 (2006).

Affirmed.