Argued and submitted May 30, affirmed August 29, 2012, petition for review
denied January 24, 2013 (353 Or 203)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUCIO DOMINGUEZ ERIVES,
aka Lucio Erives Dominguez, III,
aka Erives Lucio Dominguez,
aka Lucio Erives Dominguez,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF040705, CF050562;
A146131 (Control), A146132

284 P3d 1276

Kali Montague, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Judge, and Ortega, Judge.*

BREWER, J.

---

* Ortega, J., *vice* Wollheim, J.

**BREWER, J.**

The issue on appeal in these consolidated cases is whether the trial court plainly erred when it did not provide defendant with an interpreter for his entire probation-revocation hearing but, instead, *sua sponte* appointed an interpreter during the course of defendant's testimony and for the remainder of the proceeding. Because we conclude that any error is not plain, we affirm.

The procedural facts are undisputed. In 2008, defendant was convicted of manufacture of a controlled substance in two separate cases. At a consolidated sentencing hearing, the court sentenced defendant to 36 months' optional probation for each offense, rather than the presumptive sentence of 16 to 18 months' imprisonment that was indicated for each offense under the sentencing guidelines. In May 2010, the state initiated a show cause proceeding to revoke defendant's probation for having violated conditions requiring him to give urine samples and refrain from using controlled substances. The court held a probation violation hearing in June 2010. Defendant, who was in custody at a different facility in the same county on an unrelated drug charge, appeared at the hearing by video. Defendant was represented by counsel at the hearing.

According to the Oregon Judicial Information Network (OJIN) register, the trial court had provided defendant with an interpreter at each of his court appearances related to his underlying convictions before the show cause hearing at issue here. Defendant's native language is Spanish, but he does speak English as a second language. Before the hearing, the trial court and defendant engaged in a colloquy in English about his legal representation at the hearing in which defendant appeared to understand the court's questions and statements and with which he engaged, although not proficiently, at least in adequate English.[1] Defendant was represented by counsel

---

[1] A sample of that colloquy follows:

"[THE COURT]: At the last hearing you said you were going to—this was on June 8th, you said you were going to hire your own attorney.

"[DEFENDANT]: Okay. Yesterday—Tom Gray is my attorney. And he came yesterday and he got both cases, he got the case right now on this one. And—

at the hearing, and both defendant and counsel confirmed that they had discussed the matter the previous day. There is no indication in the record that defense counsel spoke Spanish. However, counsel did not indicate to the trial court that he and defendant had experienced any difficulties in communication. Counsel did not request an interpreter for defendant.

At the probation violation hearing, defendant's probation officer testified that defendant had failed to appear for four urine analysis tests in early 2010. Defendant did provide a urine sample on April 22, 2010, but he had admitted to using methamphetamine a few days earlier. Another officer testified that defendant was being held in custody at a different location for possession of a controlled substance that was alleged to have occurred the previous year. That officer also testified that federal Immigration and Customs Enforcement (ICE) authorities had a hold on defendant.

After the state rested, defendant testified as his only witness. During the course of defendant's direct examination, the following colloquy took place between defendant and his attorney:

"[Defense Counsel]: It shows that you've had some difficulties on probation, it looks like in April of '10, that you did recontact the probation officer. And do you believe you're in compliance now since April of '10?

"[Defendant]: I don't understand the question. I—

"[Defense Counsel]: Let me reask it. So since April of '10—"

At that point, the trial court interrupted defendant's direct testimony and said, "Get us an interpreter." A state-certified court interpreter for the Spanish language then translated the remainder of the proceeding. After the court provided an interpreter, neither defendant nor his lawyer asked the court to revisit any prior parts of the proceeding.

Defendant testified that he had done everything his probation officer asked of him. He also testified that ICE

---

"[THE COURT]: So you want Mr. Gray appointed to represent you on this case?

"[DEFENDANT]: Yes, please."

was removing the hold on him that day or the next day. At the conclusion of the hearing, the trial court revoked defendant's two optional probationary terms and sentenced him to 18 months' imprisonment for each conviction, to be served consecutively, with three years of post-prison supervision.

In a single assignment of error on appeal, defendant asserts that "[t]he trial court erred in not providing defendant with an interpreter during his entire show cause hearing." Defendant acknowledges that he did not preserve the claimed error, but he urges this court to treat it as plain error and exercise our discretion to correct it by "reinstat[ing] defendant's probation."

This court may review an unpreserved claim of error as plain error if the alleged error is an error of law that is "obvious [and] not reasonably in dispute," and if the court "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If the error so qualifies, we must exercise discretion to determine whether to review the error. In doing so, we consider

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court, in some manner, was presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

Defendant asserts that the trial court committed a qualifying error because its failure to appoint an interpreter for him at the outset of the hearing violated ORS 45.275(1) and the protections afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2] ORS 45.273 provides:

---

[2] The Due Process Clause of the Fourteenth Amendment provides, in part, that "[n]o State shall * * * deprive any person of life, liberty, or property, without due process of law[.]"

"It is declared to be the policy of this state to secure the constitutional rights and other rights of persons who are unable to readily understand or communicate in the English language because of a non-English-speaking cultural background or a disability, and who as a result cannot be fully protected in administrative and court proceedings unless qualified interpreters are available to provide assistance."

ORS 45.275, which implements that policy, provides, in part:

"(1) The court shall appoint a qualified interpreter in a civil or criminal proceeding, and a hearing officer or the designee of a hearing officer shall appoint a qualified interpreter in an adjudicatory proceeding, whenever it is necessary:

"(a) To interpret the proceedings to a non-English-speaking party;

"(b) To interpret the testimony of a non-English-speaking party or witness[.]

"* * * * *

"(9) For the purposes of this section:

"* * * * *

"(b) 'Non-English-speaking person' means a person who, by reason of place of birth or culture, speaks a language other than English and does not speak English with adequate ability to communicate effectively in the proceedings."

Similarly, the United States Constitution requires that, where an accused does not understand or speak English well enough to comprehend or communicate adequately in a criminal proceeding, the accused's rights to fundamental fairness and due process of law, including the rights to participate in the proceeding, to know and defend against the accusations, and to communicate with counsel, require that a qualified interpreter be provided. *See, e.g., United States v. Mayans,* 17 F3d 1174, 1179-81 (9th Cir 1994); *United States ex rel. Negron v. New York,* 434 F2d 386 (2d Cir 1970).

We first consider whether the error, if any, was a legal error. We answer that question affirmatively. Although the question whether appointment of an interpreter was

"necessary" involves the determination of underlying facts, if the undisputed facts point in only one direction, the court was required to appoint an interpreter. *Cf. State v. Biscotti,* 219 Or App 296, 299, 182 P3d 269 (2008) (explaining that, particularly when the relevant facts are not in dispute, what satisfies indefinite statutory terms such as "good" or "sufficient" is a question of law, not discretion).

We turn to the question of whether the asserted error is obvious and not reasonably in dispute. Defendant argues:

> "The record shows that defendant was not proficient in English because he was provided with an interpreter at every other proceeding stemming from the underlying convictions, and the trial court provided defendant with an interpreter in the middle of his direct testimony."

With respect, those assertions do not establish that the court obviously erred in the posited way. Defendant provides no authority—and we are aware of none—for the premise that, in the course of preparing for or conducting the probation violation hearing, the court was required to review the OJIN register to determine whether an interpreter had been appointed for defendant in earlier court appearances in these cases. Although such a review might be an ideal practice, defendant does not explain how the court's failure to do so qualifies as obvious error. Furthermore, the court's decision to appoint an interpreter during the course of the hearing does not establish that failing to do so for the entire hearing constituted an obvious error. As noted, the court's decision arose in the context of defendant's statement that he did not understand a compound question that his own counsel asked him on direct examination. Although the court's decision supports an inference that the court believed that appointment of an interpreter was "necessary" at that stage of the proceedings, it also merely may have reflected the court's precautionary desire, when defendant first indicated that he did not understand a question, to facilitate defendant's responses to counsel's compound questioning. Furthermore, three additional countervailing factors support the conclusion that the asserted error is not obvious and is subject to reasonable dispute: (1) as noted,

at the outset of the proceeding, the court had engaged defendant in a colloquy in English that defendant appeared to understand and with which he engaged, although not proficiently, at least in adequate English; (2) defendant was represented by counsel with whom he had previously conferred, apparently in English, and who told the court that defendant was ready to proceed with the hearing; and (3) neither defendant nor his attorney ever asked the court to provide an interpreter.

Under those circumstances, we conclude that it was not obvious that defendant did not speak and understand English with adequate ability to communicate and comprehend effectively in the proceeding, and, as a consequence, that it was necessary to appoint an interpreter for him for the entire hearing. Accordingly, the trial court did not plainly err in failing *sua sponte* to do so.

Affirmed.