*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Argued and submitted January 7, affirmed August 10, 2022

In the Matter of the
Registered Domestic Partnership of

Kimberly NUSBAUM,
*Petitioner-Respondent,*
*and*

Joseph Lee STONE, Jr.,
*Respondent-Appellant.*

Deschutes County Circuit Court
19DR16144; A173641

Alicia N. Sykora, Judge.

Daniel S. Margolin argued the cause for appellant. Also on the brief was Stephens Margolin PC.

Kimberly Nusbaum waived appearance *pro se.*

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

This is a proceeding involving a judgment of dissolution of domestic partnership following an Informal Domestic Relations Trial. The trial court issued a judgment on March 5, 2020, and a corrected judgment on February 8, 2021, accompanied by an extensive letter opinion explaining the rationale for the division of real and personal property. Appellant now claims the trial court erred (1) in dividing real and personal property of common law domestic partners based on an incorrect "just and proper" analysis instead of considering the express or implied intent of the parties; and (2) in proceeding with an Informal Domestic Relations Trial, which he claims should not have been utilized in the dissolution of a common law domestic partnership.

The first assignment of error is without basis. The letter opinion accompanying the corrected judgment stated the applicable legal standards for division of property between nonmarried partners and concluded that the decision reflected the court's best ability to "ascertain the mutual intent of the parties in the overall partnership and the mutual intent for each item or each item's value." Accordingly, we reject appellant's first assignment of error without further discussion.

Appellant concedes that his second assignment of error is not preserved, but he urges us to review under the plain error doctrine. ORAP 5.45(1). Even assuming, without deciding, that the trial court erred in conducting an Informal Domestic Relations Trial for the dissolution of a common law domestic partnership, we would not exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).[1] Appellant has not explained the reasons that we should consider the error, apart from his general assertion that the error resulted in the parties

---

[1] In weighing whether to exercise discretion to correct plain error we may consider

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way * * *."

*Ailes*, 312 Or at 382 n 6.

not being allowed to present their cases in accordance with formal trial process. ORAP 5.45(7). However, the trial court conducted a thorough hearing with testimony from both domestic partners and numerous witnesses, who were subject to direct and cross-examination by the parties, and considered a variety of other documents as evidence. The trial court ultimately offered an extensive explanation for the distribution of the real and personal property at issue. In the absence of a developed argument from appellant as to what more he should have received through a formal trial process, we see no basis on which to correct the claimed error.

Affirmed.