***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 3, affirmed March 29, petition for review denied June 15, 2023 (371 Or 175)

Brent Steven SHERMAN, Sr.,
*Plaintiff-Appellant,*

*v.*

Warren DUFF,
Personal Representative in the matter of
the Estate of Patricia G. Duff,
Lake County Probate Case No. 19PB02855,
and Kathryn Elaine Kusch,
*Defendants-Respondents.*

Lake County Circuit Court
21CV01003; A178135

Dan Bunch, Judge.

Brent Steven Sherman, Sr., filed the briefs *pro se*.

Nathan J. Ratliff and Parks & Ratliff, P. C. Filed the brief for respondent Warren Duff.

No appearance for respondent Kathryn Elaine Kusch.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Appellant appeals from a general judgment that resolved a dispute over ownership interests in two LLCs that owned real property in Lake County. On appeal, he raises six assignments of error. For the reasons below, we affirm.

In his first assignment of error, appellant asserts that the trial court erred when it did not hold a motions hearing prior to the start of trial. When appellant called the court's attention to an order that set a motions hearing prior to trial, the trial court stated that the "motions are encompassed by this entire dispute," that it would consider all of appellant's positions raised in the motions, and that it would give a "comprehensive ruling" after the trial. Appellant made no objection to that process, so the claim is not preserved.

Nevertheless, appellant asks us to review for plain error. Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Here, we begin and end with the first step. There is no obvious legal error in a trial court deciding to address a party's motions in a comprehensive ruling after a trial.

In his second assignment of error, appellant asserts that the trial judge erred when he failed to recuse himself after disclosing a conversation between himself and one of the attorneys in the case, a conversation that appellant asserts was an *ex parte* communication. Because appellant did not file a motion to recuse the judge after the conversation was disclosed, his claim is not preserved. Appellant asks for plain error review, but it is not obvious from the record that appellant cites that the court was referring to *ex parte* conversations instead of on-the-record discussions regarding the case. Because the resolution of the claim

would require us to choose among competing factual inferences, the error is not plain.

In his third assignment of error, appellant asserts that the trial court erred when it failed to dismiss defendant's counterclaims after determining that defendant Kusch's previous attorney had falsified a document that was submitted in the two other consolidated cases and dismissing those cases because of the misconduct. When the trial court mentioned dismissal as a sanction for the other two cases, appellant did not move to dismiss the counterclaims in this case, so the issue is unpreserved. Appellant asks for plain error review, but there is no plain error because it is not obvious on this record that dismissal was legally required.

In his fourth assignment of error, appellant claims that the trial court erred when it denied his petition. Appellant does not identify any legal error that the trial court committed; instead, his arguments are based on his disagreement with the trial court's findings of fact. We do not make new findings of fact on appeal. *See, e.g.*, *Stone v. CCXL, LLC*, 318 Or App 107, 109, 506 P3d 1167, *rev den*, 370 Or 198 (2022) (stating that on appeal "we accept the trial court's findings of fact that are supported by the evidence" and "in the absence of an express factual finding, we will presume that the facts were decided in a manner consistent with the trial court's ultimate conclusion") (internal citations omitted; internal quotation marks omitted).

In his fifth assignment of error, appellant claims that the trial court erred when it appointed Warren Duff as the personal representative of Patricia Duff in a probate proceeding. This appeal does not arise from that probate case and appellant does not identify any authority for us to revisit a decision that was made in a case that is not before us on appeal.

In his sixth assignment of error, appellant claims that the trial court failed to enforce his rights under the 5th Parallel Properties, LLC Operating Agreement. Appellant's argument appears to be premised on an assertion that there is such a document that gave him an ownership interest in the disputed property. But the trial court never made that

factual finding. Instead, the trial court found that appellant never had any legal interest in the LLCs at issue in this case, and, therefore, had no legal interest in any of the disputed property. Appellant has identified no legal error for us to review.

Affirmed.