***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 27, affirmed August 30, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ABELINO GARCIA-VASQUEZ,
*Defendant-Appellant.*

Washington County Circuit Court
19CR53639; A175832

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Abelino Garcia-Vaquez filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this criminal appeal, a jury found defendant guilty of two counts each of first- and second-degree unlawful sexual penetration and seven counts of first-degree sexual abuse against two minors. Defendant raises six assignments of error, including four *pro se* assignments, challenging the admissibility and exclusion of evidence, a jury instruction, and the denial of a motion for judgment of acquittal (MJOA) on Count 9 (unlawful sexual penetration in the first degree). We summarily reject defendant's *pro se* assignments of error, some of which are repetitive of other assignments, because defendant has failed to establish any error.[1] We likewise reject defendant's second assignment of error because we agree with the state that the challenged instruction was neither confusing nor incorrect in the context of the instructions as a whole. We write only to address the first assignment of error and, concluding that it was not preserved, we affirm.

Appellate courts generally will not review a claim of error that was not preserved in the lower court. ORAP 5.45(1). However, unpreserved errors may be reviewed for plain error at our discretion. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (a plain error is an "error[] of law apparent on the face of the record"). We begin by providing the facts that are necessary to explain our decision.

At defendant's trial, one of the victims testified that defendant threatened her family if she reported abuse. The victim also testified that she spoke to her therapist about the threats. In order to corroborate those statements, the state sought to add the therapist as a witness. Defendant objected to the proposed testimony, arguing that the state could not interject a new witness "and new discovery in the middle of [the] trial at the close of the [s]tate's case." As the therapist was about to be called to the stand, defendant renewed his objection, asserting that the therapist's testimony constituted a discovery violation and was "outside the scope of the [s]tate's [OEC 803](18a)(b) notice."[2] The state contended

---

[1]  We specifically note that defendant was acquitted on Count 9.

[2]  OEC 803(18a) addresses a hearsay exception relating to a child's out-of-court statements regarding an act of abuse and has a notice requirement.

that the testimony was admissible because "[t]hey're statements made for purposes of \*\*\* psychotherapy and treatment, which come in for their truth" under OEC 803(4) rather than under OEC 803(18a). Defendant did not oppose the state's argument regarding OEC 803(4). The trial court allowed the therapist to testify about the victim's statements regarding threats made by defendant.

On appeal, defendant argues that the therapist's testimony should have been excluded as hearsay because it did not meet the requirements for admission under OEC 803(4). That rule allows for admission of "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." Defendant argues that the state was not able to establish that the victim spoke to her therapist about the threats "for the purpose of medical diagnosis or treatment." The state argues in response that defendant presents a materially different argument on appeal than he did below. We agree.

As noted above, defendant's objections at trial focused on the notice requirement and discovery procedures as if the disputed evidence was being admitted under OEC 803(18a)—despite the state's argument that OEC 803(18a) was not the basis for admission—while his argument on appeal challenges the admissibility of that evidence under OEC 803(4). Because defendant did not challenge the applicability of OEC 803(4) below, his arguments on appeal "implicate materially different legal issues" and are therefore unpreserved. *See State v. Johnson*, 288 Or App 528, 535-36, 406 P3d 1091 (2017), *rev den*, 362 Or 389 (2018). Although we may, at our discretion, review an unpreserved argument for plain error, *Ailes*, 312 Or at 381, defendant does not argue that any error was plain, and we do not undertake that analysis.

Affirmed.