No. 521 June 4, 2025 193

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ALBERT ULCHINSKY,
*Defendant-Appellant.*

Lane County Circuit Court
21CR16231, 23CR25267; A182128 (Control), A182129

Stephen W. Morgan, Judge.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

This is a consolidated appeal arising from two separate criminal cases. Defendant raises four assignments of error, two in each case. In his first assignment of error, he argues that the trial court erred when it denied his motion for judgment of acquittal for unauthorized use of a vehicle (UUV), ORS 164.135, in Case No. 21CR16231. In his second assignment of error, defendant asserts that the trial court erred when it denied his motion for judgment of acquittal for possession of a stolen vehicle (PSV), ORS 819.300, in Case No. 23CR25267. Finally, in defendant's third and fourth assignments of error, he argues that the trial court plainly erred in imposing the presumptive sentence under the repeat property offender statute, ORS 137.717(1)(b)(C),[1] for both his UUV and PSV convictions because, in his view, the court incorrectly believed that it lacked discretion to impose a lesser sentence. We conclude that the trial court did not err and therefore affirm.

*Denials of Motions for Judgment of Acquittal for UUV and PSV.* We review "questions of the sufficiency of the evidence in a criminal case following a conviction by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element[s] of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

In defendant's first assignment of error, he argues that the state adduced insufficient evidence to prove that he acted with the culpable mental state for UUV in Case No. 21CR16231. The state charged defendant under ORS 164.135(1)(a), which required the state to prove beyond a reasonable doubt that defendant did "knowingly take, operate, exercise control over or otherwise use a vehicle" without the owner's consent, while defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk that the owner of the vehicle *** d[id] not consent to

---

[1] ORS 137.717 was amended in 2023, which was after defendant committed his crimes. Or Laws 2023, ch 151, § 2. The amendments do not impact our analysis. Thus, we refer to the current version of the statute throughout this opinion.

the taking, operation or other use of, or the exercise of control over, the vehicle." Defendant asserts that the state's evidence that he drove the truck in the neighborhood from which it was stolen does not, without speculation, establish that defendant knew who owned the truck.

The evidence viewed in the light most favorable to the state established much more, contrary to defendant's argument. The state presented evidence that defendant continued to drive the truck while being followed by people in a car who were yelling that it was their truck. Eventually, the victim told defendant that the truck belonged to him and that he had called the police. Defendant then drove the truck farther before stopping, exiting the truck, and attempting to flee. Viewing that evidence in the light most favorable to the state, a reasonable trier of fact could find that defendant was aware of the risk that the victim owned the truck and that defendant disregarded that risk by continuing to use the truck. Thus, the trial court did not err when it denied defendant's motion for judgment of acquittal for UUV in Case No. 21CR16231.

In defendant's second assignment of error, he argues that the evidence was insufficient to establish that he knew or had reason to believe that the vehicle had been stolen in Case No. 23CR25267. Defendant asserts that the state failed to disprove his belief that he drove the stolen vehicle on a test drive as a part of sale negotiation that had not yet been finalized and that he only discovered the broken rear driver side window on the test drive, which defendant claims was, in fact, a deal breaker. The state argues that it sufficiently proved defendant's knowledge by presenting evidence that defendant told police that he knew the situation was "bad" because the car was cheap and the window was broken.

As relevant here, to obtain a conviction for PSV, the state must prove beyond a reasonable doubt that defendant was "subjectively aware of facts that give a rational person cause to think that the vehicle was actually stolen." *State v. Smith*, 338 Or App 206, 213, 566 P3d 14 (2025). A combination of suspicious circumstances about a vehicle, when taken together, can support a logical inference beyond a reasonable doubt that a defendant knew that the vehicle was stolen. *State*

*v. Peirce*, 296 Or App 829, 840-41, 440 P3d 98 (2019) (concluding that, in a sale of a stolen vehicle, evidence of a "very cheap price," damage to the ignition, and a suspicious bill of sale, among other things, was enough together to allow a factfinder to infer the defendant's knowledge that the vehicle was stolen). This court has identified damage to windows as a particularly strong indicator that a vehicle is stolen. *Smith*, 338 Or App at 209; *State v. Shipe*, 264 Or App 391, 397, 332 P3d 334 (2014).

We conclude that defendant's statement to police permits a rational inference, beyond a reasonable doubt, that defendant was subjectively aware of a fact that would give a rational person cause to think that the vehicle was stolen. Thus, the trial court did not err when it denied defendant's motion for a judgment of acquittal for PSV in Case No. 23CR25267.

*Plain Error.* In defendant's third and fourth assignments of error, he argues that the trial court plainly erred when it mistakenly determined that it did not have discretion to impose a downward departure from the presumptive sentence under ORS 137.717(1)(b)(C)[2] for his UUV conviction in Case No. 21CR16231 and his PSV conviction in Case No. 23CR25267. The state argues that that trial court did not plainly err because this court would have to go outside of the record and choose between at least two competing inferences about the trial court's understanding of its authority under ORS 137.717(6).[3]

---

[2] ORS 137.717(1)(b)(C) provides, in relevant part:

"(1)  When a court sentences a person convicted of:

"* * * * *

"(b)  Unauthorized use of vehicle under ORS 164.135, * * *, possession of a stolen vehicle under ORS 819.300 * * *, the presumptive sentence is 18 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"* * * * *

"(C)  A previous conviction for a crime listed in subsection (2) of the section, if the current crime of conviction was committed while the defendant was on supervision for the previous conviction or less than three years after the date the defendant completed the period of supervision for the previous conviction."

[3] ORS 137.717(6) provides:

"The court shall sentence a person under this section to at least the presumptive sentence described in subsection (1)(a) or (b) or (3) of this section, unless the parties stipulate otherwise or the court finds that:

To reach an unpreserved error of law as plain error, we must determine that the assigned error is (1) one of law; (2) obvious and not reasonably in dispute; and (3) apparent on the face of the record, meaning we need not go outside the record to identify the error or choose between competing inferences. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Even if the error is plain, we still must decide to exercise our discretion and explain our reasoning. *Id.* at 382. After reviewing the sentencing hearing, we conclude that the record demonstrates that the trial court understood that ORS 137.717(6) gives it the authority to make findings to impose a downward departure sentence. The trial court expressed that it could not make the requisite findings on this record because it had found that defendant was on post-prison supervision when he committed UUV. We disagree with defendant's view that the trial court misunderstood its authority. At the least, it is not obvious that it did. Thus, the trial court's decision not to depart from the presumptive sentences is not plain error.

Affirmed.

---

"(a) The person was not on probation, parole, or post-prison supervision for a crime listed in subsection (1) of this section at the time of the commission of the current crime of conviction;

"(b) The person has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section;

"(c) The harm or loss caused by the crime is not greater than usual for that type of crime; and

"(d) In consideration of the nature of the offense and the harm to the victim, a downward departure will:

"(A) Increase public safety;

"(B) Enhance the likelihood that the person will be rehabilitated; and

"(C) Not unduly reduce the appropriate punishment."