Submitted April 4, conviction for second-degree criminal trespass reversed and remanded; otherwise affirmed June 18, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMY JOSEPH CHASE,
*Defendant-Appellant.*

Multnomah County Circuit Court
120646914; A153056

328 P3d 838

Peter Gartlan, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant seeks reversal of his conviction for second-degree criminal trespass, which is committed if a "person enters or remains unlawfully in a motor vehicle or in or upon premises."[1] ORS 164.245. The trial court did not include the definition of "enter or remain unlawfully" in its instruction to the jury. For this case, the relevant definition of "enter or remain unlawfully," as provided by ORS 164.205(3)(b), is "[t]o fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge." Defendant argues that the jury instruction should have included that definition, and that it was plain error for the court to neglect to instruct the jury on that point. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) ("The court generally must instruct on all essential elements of the crime charged."). The state concedes that the trial court committed plain error when it failed to provide the jury with the proper instruction. We agree, accept the state's concession, and exercise our discretion to correct the error because the jury could have convicted defendant under an incorrect legal theory; thus, prejudicing defendant, and such a result would not advance the ends of justice. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court can exercise its discretion to review an unpreserved error of law apparent on the face of the record); *Brown*, 310 Or at 355-56 (exercising discretion to correct plain error of failing to instruct jury on an element of the offense).

Conviction for second-degree criminal trespass reversed and remanded; otherwise affirmed.

---

[1] Defendant does not challenge his convictions for harassment, in violation of ORS 166.065, fourth-degree attempted assault, in violation of ORS 163.160 and ORS 161.405, and second-degree disorderly conduct, in violation of ORS 166.025.