Submitted June 29, reversed and remanded August 23, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORGE CANDELARIO PEREZ-RODRIGUEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C152069CR; A161551

401 P3d 296

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Garrett, Presiding Judge, and Lagesen, Judge, and Edmonds, Senior Judge.

**PER CURIAM**

Defendant appeals his conviction for unauthorized use of a vehicle (UUV), ORS 164.135, assigning error to the trial court's jury instruction on that offense. ORS 164.135(1), as pertinent here, provides:

"A person commits the crime of unauthorized use of a vehicle when:

"(a) The person takes, operates, [or] exercises control over * * * another's vehicle * * * without consent of the owner[.]"

The instruction that the trial court gave did not specify a culpable mental state for the lack of consent element. "Lack of consent * * * is part of the conduct that the offense [of UUV] proscribes, and the minimum culpable mental state for that element is knowledge." *State v. Simonov*, 358 Or 531, 549, 368 P3d 11 (2016). Defendant argues that the trial court plainly erred by omitting the culpable mental state of "knowingly" from the lack of consent element. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) ("The court generally must instruct on all essential elements of the crime charged."). The state concedes that the trial court plainly erred. We agree, accept the state's concession, and exercise our discretion to correct the error for the reasons expressed in *State v. Chase*, 263 Or App 709, 710, 328 P3d 838 (2014). Accordingly, we reverse and remand.

Reversed and remanded.