PER CURIAM
Defendant appeals a judgment of conviction for one count of harassment. ORS 166.065. He raises four assignments of error on appeal.[1] In his first three assignments of error, defendant challenges the trial court's admission of testimony by the arresting officer in which the officer stated that he believed that the victim was being truthful and that the defendant was lying during the officer's interviews with them. Although defendant acknowledges that he failed to preserve those claims of error before the trial court, he urges that we should exercise our discretion to address and correct them as plain error. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error.").
"An error is plain if it is a legal error that is obvious or not reasonably in dispute and the court need not go outside the record or select among competing inferences to discern it." State v. Lowell , 249 Or.App. 364, 367, 277 P.3d 588, rev. den. , 352 Or. 378, 290 P.3d 814 (2012) (citing State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990) ). "If we conclude that an asserted error is plain, we must determine whether to exercise our discretion to address the error." Id. at 367-68, 277 P.3d 588 (citing Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382, 823 P.2d 956 (1991) ). Here, the state concedes that, under our case law, the officer's testimony should have been excluded as improper vouching evidence. See State v. Marquez-Vela , 266 Or.App. 738, 743, 338 P.3d 813 (2014) ; Lowell , 249 Or.App. at 368-69, 277 P.3d 588. We agree. The testimony in question constituted improper vouching evidence, and admission of that evidence constitutes plain error. Furthermore, for the same reasons as set forth in Lowell , we conclude that it is appropriate to exercise our discretion to correct the error. 249 Or.App. at 369, 277 P.3d 588 ; see also Ailes , 312 Or. at 382 n.6, 823 P.2d 956 (in determining whether to exercise our discretion to correct plain error, we consider, among other things, "the competing interests of
the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way").
Reversed and remanded.

Our resolution of defendant's first three assignments of error on appeal obviates the need to address his fourth assignment of error.