Submitted September 19, affirmed November 14, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY ALLEN MOORE,
*Defendant-Appellant.*

Deschutes County Circuit Court
14FE1395; A166912

454 P3d 836

Walter Randolph Miller, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, Mooney, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

On resentencing after remand, the trial court imposed a $5,000 compensatory fine in connection with defendant's convictions for first-degree sexual abuse, which defendant challenges in this appeal.[1] At the resentencing hearing, the state presented a letter from the child victim's parents that the child was undergoing counseling as the result of defendant's crimes and that the family had suffered other financial hardship. The court ordered that the compensatory fine be paid to the child's mother. As refined in a memorandum of additional authorities, defendant argues on appeal that the court erred because there is no evidence that the minor victim "incurred" economic damages. According to defendant, the fine was awarded for counseling costs that were or would be expended on behalf of the minor victim, and, under cases decided after he filed his brief, in particular, *State v. Moreno-Hernandez*, 365 Or 175, 442 P3d 1092 (2019), and *State v. White*, 299 Or App 165, 449 P3d 924 (2019), she cannot be financially responsible for those costs. Defendant contends that the error is preserved; alternatively, he requests plain error review. We reject both propositions.

First, defendant's arguments to the trial court below—that the court erred because (1) the state failed to provide any evidence about the costs of the counseling and (2) defendant would be unable to pay the fine due to his lengthy incarceration—are insufficient to preserve his appellate contention. Second, it is at least questionable whether the court might permissibly have imposed the fine, directed to the mother, under the definition of "victim" in ORS 137.103(4)(b)—that is, "[a]ny person not described in [ORS 137.103(4)(a)] whom the court determines has suffered economic damages as a result of the defendant's criminal activities." *Moreno-Hernandez*, 365 Or at 181-82 (to impose compensatory fine, injured victim must meet one of the statutory definitions of "victim" in ORS 137.103(4)); *id.* at 190

---

[1] In defendant's first appeal, we concluded that the trial court plainly erred in imposing the $5,000 compensatory fine *in addition to a punitive fine* and reversed and remanded for resentencing on that basis. *State v. Moore*, 288 Or App 85, 404 P3d 1147 (2017).

(remanding for resentencing because, although court erred in imposing compensatory fine directed to minor victim in Department of Human Service's custody, "it may be that a compensatory fine could be imposed, payable to another victim"). And, defendant has not attempted to explain why that is not the case. Thus, the error, if any, is not plain. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991) (plain error review requires that the legal error be "obvious, not reasonably in dispute"); *State v. Tilden*, 252 Or App 581, 589, 288 P3d 567 (2012) ("[I]t is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error."). For the same reason, we would not exercise our discretion to correct the error, even if it was plain. *Id.*

We reject defendant's alternative argument—that the court erred in imposing the compensatory fine because the record lacks evidence of the "actual costs" of the victim's counseling—on the merits without discussion.

Affirmed.