Submitted December 6, 2019; judgment of conviction on the count of DUII reversed and remanded, remanded for resentencing, otherwise affirmed June 23, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CONNOR BENJAMIN REID,
*Defendant-Appellant.*

Deschutes County Circuit Court
17CR42276; A169109

492 P3d 728

Defendant challenges his DUII conviction, ORS 813.101(4), arguing that the trial court erred in failing to strike testimony that field sobriety tests are "pass or fail." Defendant argues that under *State v. Beltran-Chavez*, 286 Or App 590, 400 P3d 927 (2017), such testimony constituted "scientific" evidence under OEC 702, thus requiring the state to lay a scientific foundation. Defendant argues that the issue is preserved, or alternatively, advocates for plain-error review. The state concedes that plain-error review and reversal would be appropriate. *Held*: Although the issue was unpreserved, based upon the state's concession, the error was plain, and correction of that error was appropriate.

Judgment of conviction on the count of DUII reversed and remanded; remanded for resentencing; otherwise affirmed.

Stephen P. Forte, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Judgment of conviction on the count of DUII reversed and remanded; remanded for resentencing; otherwise affirmed.

**JAMES, J.**

The state convicted defendant of one count of driving under the influence of intoxicants (DUII), ORS 813.101(4), and one count of carrying a concealed weapon, ORS 166.240. On appeal, defendant challenges solely the DUII conviction, arguing that the trial court erred in failing to strike testimony that field sobriety tests are "pass or fail." Defendant argues that under *State v. Beltran-Chavez*, 286 Or App 590, 400 P3d 927 (2017), such testimony constituted "scientific" evidence under OEC 702 and thus, the state was required to lay a scientific foundation for the evidence for it to be admitted. Defendant argues that the issue is preserved, or alternatively, advocates for us to exercise plain-error review. The state concedes that plain-error review and reversal would be appropriate. Undertaking our independent obligation to determine if an issue is preserved, we conclude that it is not, but based upon the state's concession, we conclude that the error is plain, and that it is appropriate to exercise our discretion to correct it. Accordingly, we reverse the judgment of conviction on the count of DUII, remand for resentencing, and otherwise affirm.

We review the admission of scientific evidence for legal error. *Beltran-Chavez*, 286 Or App at 610. In accord with that standard, our recitation of the facts underlying the conviction are minimal.

An officer stopped defendant for driving 60 miles per hour in a 45 mile-per-hour zone. Upon encountering defendant at the driver-side window, the officer observed that defendant's face was flushed, that he appeared dazed, and that he had "glassy, bloodshot eyes" and "extreme cotton mouth." The officer smelled "burnt marijuana" coming from the vehicle. Defendant had difficulty retrieving his license, registration, and proof of insurance.

Ultimately, the officer told defendant that he would "like to give [defendant] an opportunity to take some voluntary field sobriety tests, so [the officer would] be comfortable letting him drive." When defendant asked what would happen if he chose not to take the tests, the officer "explained to him that it was his choice and—but [the officer] would then

have to make a decision based on what [the officer] had seen so far." Defendant ultimately agreed to take the field sobriety tests (FSTs).

During the state's case-in-chief, the state elicited testimony regarding FSTs from the officer:

"[OFFICER:]  *** So there's eight total clues for [the walk-and-turn FST]. I observed five of them on the test, and so I observed that he couldn't keep balance during the instructions. He raised his arms to balance, he started too soon, he stepped off line, and he missed heel-to-toe steps.

"I didn't observe—the other three are stops while walking, oftentimes you'll see people stop in the middle of the test; wrong number of steps, and an improper turn. So I saw five out of the eight.

"[PROSECUTOR:]   And out of these eight steps, how many—out of all the—any steps that can be detected, how many would—what would be the amount that would be detected that would be considered a fail?

"[OFFICER:]   Four. Again, we take—we take a totality of the circumstances in the test, so again, they may not demonstrate—for example on this the horizontal gaze nystagmus test, there's six clues, I didn't observe any here, I didn't expect to observe any on this particular test. So that's what we're looking for, a failure on the specific test, but that doesn't—I take into account the other tests as well."

At that point, defense counsel objected:

"[DEFENSE COUNSEL:]   Your Honor, *** I'm going to object and move to strike testimony as to failing a test. I don't think that there's a sufficient foundation that the test is scientific or that there's any sort of failure.

"If the officer wants to testify that there's indicators of impairment, I don't think we can object to that."

The court granted defendant's motion, stating, "So the Court's going to sustain the objection at this point. You are to disregard that last statement that he made regarding whether there's a failure. Go ahead." Then, the state sought to lay the foundation for that testimony through the following exchange:

"[PROSECUTOR:]    Officer, I want to just clarify some things. Are these tests pass or fail?

"[OFFICER:]    They are. They are—what we're looking for is clues of impairment. So ultimately there is an end result of a pass or fail, but we're looking at overall clues of impairment."

Defense counsel did not object or move to strike that testimony. Defendant was convicted, and this appeal followed.

OEC 702 governs the admissibility of scientific evidence. Evidence qualifies as scientific when it is expressly presented to the jury as scientific, when it draws its convincing force from scientific principles, or when it "would likely be perceived by the jury as imbued with the 'persuasive appeal of science.'" *State v. Henley*, 363 Or 284, 301, 422 P3d 217 (2018) (quoting *State v. O'Key*, 321 Or 285, 292, 899 P2d 663 (1995)). An officer's testimony that a defendant "passed" or "failed" FSTs is scientific evidence that is inadmissible in a DUII prosecution unless the state proves that the evidence satisfies OEC 702. *Beltran-Chavez*, 286 Or App at 613-16.

In *Beltran-Chavez*, the defendant sought to exclude an officer's testimony that the defendant had "passed" or "failed" the walk-and-turn and one-leg stand tests, because such testimony would be perceived by the jury as scientific. *Id*. at 593. The trial court overruled the objection and let the officer testify that "four out of eight clues" on the walk-and-turn test was a "failing score." *Id*. at 594. We reversed, holding that the officer's testimony that defendant "failed," when viewed in the context of testimony about standardized tests, would have led the jury to believe that the tests had been scientifically calibrated to detect impairment. *Id*. at 610-11. We concluded that a "jury would perceive as scientific the propositions that the test is able to measure impairment objectively and that a specific numerical score can prove that the subject is impaired." *Id*. at 615 n 17.

Defendant's objection to the earlier line of inquiry did not preserve an objection to the later line of questioning that followed. Accordingly, we determine that the issue on appeal is unpreserved. However, in light of *Beltran-Chavez*, the officer's testimony in this case is legal error that is

"obvious, not reasonably in dispute" and appears on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). The state concedes that we should exercise discretion to correct the error, and we perceive no reasons why our exercise of discretion to correct the error is not appropriate.

Judgment of conviction on the count of DUII reversed and remanded; remanded for resentencing; otherwise affirmed.