No. 451 June 26, 2024 527

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLE DANIELLE CURTIS,
aka Nichole Danielle Warfield,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CR41356; A179710

Raymond D. Crutchley, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Reversed and remanded.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants. In a single claim of error, she asserts that the trial court erred in failing to *sua sponte* strike testimony that a specific score on two field sobriety tests indicated intoxication and that defendant's score was above that specific score. We agree with defendant that, based on our recent case law, that testimony was scientific evidence and, because the state did not lay a foundation for that evidence, the trial court should have stricken it. We also agree, again based on our recent case law, that the error is plain and not harmless, and we will exercise our discretion to correct that error. We therefore reverse and remand.

In reviewing a trial court's evidentiary ruling, "we do so in light of the record that was before the court at the time of the ruling[,]" and consider all parts of the record in assessing whether any error was harmless. *State v. Eatinger*, 298 Or App 630, 632, 448 P3d 636 (2019). The relevant facts are few. Police stopped defendant after observing her driving erratically. She performed field sobriety tests, poorly. More specifically, as the arresting officer, Emerson, explained at defendant's trial, he administered the "nationwide" "standardized tests" developed by the NHTSA that assess an individual's sobriety. Two of those tests are relevant here, the walk-and-turn and one-leg stand tests. Emerson explained that he considers a particular number of "clues" on each of the tests, eight for the walk-and-turn test and four for the one-leg stand test. He explained that, for both tests, the presence of two of the clues would reflect impairment. For the walk-and-turn test, Emerson observed that defendant exhibited five of the clues; and on the one-leg stand test, he observed two.

Although defendant did not object to Emerson's testimony during trial, she now argues that the trial court plainly erred by not striking Emerson's testimony about the standardized national tests, the number of clues that reflect intoxication, and the number of clues that defendant exhibited on them. We review the admission of scientific evidence

for legal error, *State v. Reid*, 312 Or App 540, 541, 492 P3d 728 (2021), and agree with defendant.

We have previously concluded that it was plain error for the trial court to admit "scientific" testimony that the FSTs are pass/fail, absent a proper foundation, because the jury would perceive that testimony as suggesting that the tests are able to measure impairment objectively and that a specific numerical score can prove the subject is impaired. *See State v. Beltran-Chavez*, 286 Or App 590, 614, 400 P3d 927 (2017) (testimony that the defendant passed or failed the walk-and-turn and one-leg stand tests, when viewed in the context of testimony about standardized tests, would have led the jury to believe that the tests had been scientifically calibrated to detect impairment); *see also Reid*, 312 Or App at 543-44 (reaching same conclusion in plain error context). We have also recently concluded that testimony that FSTs are "designed to determine impairment," nationally "standardized," and supported by studies that prove their validity was scientific evidence whose admission, absent a proper foundation, constituted plain error. *State v. Ortiz*, 325 Or App 134, 138-39, 528 P3d 795, *rev allowed*, 371 Or 308 (2023).

Although Emerson's testimony here was not couched in terms of "pass/fail," as in *Beltran-Chavez* and *Reid*, the testimony is quite similar. He testified that two clues on the walk-and-turn test indicate impairment and he observed five, and that two clues indicate impairment on the one-leg stand test and he observed two. Like the testimony in *Reid*, that testimony indicates that a specific numerical score can prove that the subject is impaired. And Emerson's testimony that the tests were standardized and used nationwide "presents a jury with the contention that a national standard has not only been developed, but that *** the tests produce scientifically valid evidence of impairment," which would leave the jury with the impression that FSTs were "derived from" science. *Ortiz*, 325 Or App at 138-39. Taken together, and because the state did not lay a foundation for that testimony, we conclude that it was plain error to admit that testimony.

We further conclude, particularly in light of the fact that "scientific" testimony is highly persuasive and

defendant's level of intoxication was the central issue, that the error was not harmless. Finally, for the reasons we described in *Ortiz* and *Reid*, we exercise our discretion to correct the error.

Reversed and remanded.