***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted November 21, affirmed December 29, 2022, petition for review denied May 18, 2023 (371 Or 106)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL DALE CAMBRON,
*Defendant-Appellant.*

Lane County Circuit Court
20CR26812; A175096

Charles M. Zennaché, Judge.

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Aoyagi, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant was convicted of two counts of public indecency, ORS 163.465. Because defendant previously had been sentenced more than twice before for other felony sex crimes, the trial court sentenced defendant to life imprisonment under ORS 137.719(1) on each count of conviction. The court rejected defendant's arguments that the sentence, as applied to him, is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution; the trial court also rejected defendant's request for a downward departure, as allowed under ORS 137.719(2). On appeal, defendant renews his constitutional proportionality challenges to his sentence. We affirm.

We review a trial court's determination of whether a sentence was unconstitutional under Article I, section 16, of the Oregon Constitution for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017). In conducting that review, we are bound by any findings of historical fact that the trial court may have made, if they are supported by evidence in the record. *Id*. at 615. Because defendant raises arguments under Article I, section 16, and the Eighth Amendment, we first analyze whether defendant's sentence was disproportionate under the Oregon Constitution, and we consider defendant's federal constitutional claim only if we conclude that no state constitutional violation occurred. *State v. Newcomb*, 359 Or 756, 764, 375 P3d 434 (2016).

In this case, defendant was convicted of two counts of public indecency, ORS 163.465, pursuant to guilty pleas. Prior to this case, he had been sentenced for two counts of first-degree sexual abuse and at least five additional counts of public indecency. Although defendant argues otherwise, we, like the trial court, view this case as analogous to *State v. Althouse*, 359 Or 668, 375 P3d 475 (2016), in which the Supreme Court rejected as-applied constitutional proportionality challenges to an ORS 137.719 life sentence on facts similar to these. Accordingly, we conclude that, for reasons similar to those given in *Althouse*, the life sentences at issue do not violate Article I, section 16. *Althouse*, 359 Or at 686-92 (applying *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d

659 (2009)). For the same reasons, the sentences do not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Althouse*, 359 Or at 693.

To the extent that defendant argues that the court erred in its proportionality analysis with regard to evidence related to defendant's disabilities under *Ryan*, 361 Or at 621, and *State v. Fudge*, 297 Or App 750, 443 P3d 1176, *rev den*, 365 Or 819 (2019), that argument is not preserved. The record confirms the state's contention that, although evidence of defendant's disabilities was introduced as grounds for a discretionary departure from the ORS 137.719 sentences, defendant did not argue, as he does now, that his disabilities factor into the constitutional proportionality of those sentences. On this record, any error in that regard is not plain and, for that reason, does not provide a basis for relief on appeal. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991).

Affirmed.