***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 6, affirmed October 25, 2023

Randy BROOKS,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Department of Human Services
JV2241; A177331

Randy Wyith Brooks filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner seeks judicial review of a final order that required him to repay more than $8,000 in public assistance benefits. On appeal, petitioner makes two arguments. First, he argues that the administrative law judge (ALJ) erred when it did not provide an interpreter as an accommodation to assist petitioner with his autism spectrum disorder (ASD) disability. Petitioner also argues that it was improper for the ALJ who issued the final order to later rule on his motion for reconsideration. For the reasons below, we affirm.

We briefly recount the key facts relevant to our decision. In 2018, petitioner applied for and received Supplemental Nutrition Assistance Program (SNAP) and Temporary Assistance for Needy Families (TANF) benefits. In June 2020, DHS notified petitioner that he was liable for benefit overpayments. Based on its investigation, DHS believed that petitioner was married in 2018 and had not accurately reported his marital status when he applied for benefits in 2018. The agency also faulted him for not reporting his spouse's income on his application. Petitioner requested a hearing to challenge the allegations. He also informed the ALJ that he needed additional time to prepare and requested that the ALJ postpone the hearing. The ALJ accommodated that request.

Over the course of two days, DHS and petitioner presented their cases to the ALJ. DHS introduced evidence in support of its position that although petitioner claimed he was single when he submitted his 2018 application, he was, in fact, married and that he had not included his spouse's income on the application. After DHS presented several hours of testimony, petitioner informed the ALJ that he was no longer able to process the information and requested an accommodation. The ALJ understood that petitioner needed additional time to present his case and accommodated petitioner by allowing a second day for the hearing.

On that second day, petitioner disputed DHS's characterization of his relationship and his living situation. He argued that he had filled out the application to the best of his knowledge and ability, and that the department had not proved a case for overpayment. In his presentation,

petitioner testified that he had ASD. He described the many ways in which ASD affected him in his daily life, and how those challenges impacted his benefits application and his presentation of his case during the administrative hearing. In its final order, the ALJ found in DHS's favor and ordered petitioner to repay more than $8,000 in benefits. Petitioner sought reconsideration, but the ALJ denied the motion. Petitioner now seeks judicial review of the final order.

In his first argument, we understand petitioner to argue that the ALJ erred when it did not provide petitioner with what he refers to as an interpreter for his ASD—someone who could help him understand the information presented at the hearing and, relatedly, help him present his case to the court.[1] Before we can address the merits of petitioner's arguments, we must first determine whether petitioner preserved the issues that he is now presenting to us. That is because any issue that is raised in appellate proceedings typically must first have been raised in the prior proceedings with enough specificity to make sure that the "agency is able to consider the point and avoid committing error." *Becklin v. Board of Examiners for Engineering*, 195 Or App 186, 199-200, 97 P3d 1216 (2004), *rev den*, 338 Or 16 (2005). That requirement is referred to as "preservation."

When an issue is not preserved below, an appellant can nonetheless ask us to review for "plain error." ORAP 5.45(1), (4)(b), (7). Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Plain error review is available in judicial review proceedings. *Read v. Oregon Medical Board*, 244 Or App 603, 612, 260 P3d 771 (2011), *rev den*, 351 Or 649 (2012) (applying ORAP 5.45(1) to judicial review of agency action).

---

[1] For ease of reading, we refer to this requested person as an "ASD interpreter" later in this memorandum disposition.

Applying that legal framework, we determine that petitioner's argument regarding an ASD interpreter was not preserved. Petitioner presents us with numerous ways in which his ASD negatively impacted the presentation of his case and asserts that an interpreter would have addressed those challenges. However, the accommodations that petitioner requested were to postpone the hearing to give him additional time to prepare and to continue the hearing on a second day. The ALJ granted both of those requests. Petitioner never specifically asked the ALJ to provide him with an ASD interpreter. Nor did petitioner indicate in any of his filings in the case, either to the agency or the court, that he needed an ASD interpreter. Although petitioner argues that he made it known he needed help, highlighting that he had communication difficulties did not specifically alert the ALJ that petitioner was requesting an ASD interpreter. Because petitioner did not first raise his claim of error at the agency level, it is not preserved.

Although petitioner does not explicitly ask us to review for plain error, we note that any error here is not plain. Petitioner does not identify any law that specifically requires an ALJ to appoint an interpreter for a person with ASD, as would be required for an obvious legal error. Moreover, an interpreter is generally understood to be someone who assists litigants in translating court proceedings from English into another language, not someone who assists a neurodiverse person in navigating agency paperwork and a court hearing. *See Webster's Third New Int'l Dictionary* 1182 (unabridged ed 2002) (defining "interpreter" as "a person who translates orally for parties conversing in different tongues"). In common understanding, the kind of help petitioner was seeking would generally come from a lawyer, not an interpreter. It is therefore not clear that there was any basis for the ALJ to provide petitioner an interpreter.

In petitioner's second argument, he argues that he was denied a fair and impartial review because the same ALJ that issued the final order also decided the motion for reconsideration. Petitioner did not preserve this argument either. The final order informed petitioner that any motion for rehearing or reconsideration would be considered by the

same ALJ who already heard the case. When he filed his motion, petitioner made no objection to that process, nor did he ask for a different ALJ to be assigned to the matter. Because petitioner did not raise this issue at the agency level, it is not preserved.

In addition, any error here was not plain. Petitioner does not cite any source of authority that requires that a different ALJ hear a motion for reconsideration. As a result, there is no obvious error of law as required for plain error review. Further, reconsideration, by nature, is a chance for a decisionmaker to revisit their own prior ruling. Accordingly, there was nothing improper about the same ALJ considering petitioner's motion for rehearing and reconsideration.

Affirmed.