216 January 10, 2024 No. 28

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW KYLE ANDERSON,
*Defendant-Appellant.*

Yamhill County Circuit Court
20CN05140; A176857

Ladd J. Wiles, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a punitive contempt judgment entered after the trial court found that he had violated a restraining order by possessing a firearm. In his sole assignment of error, defendant argues that double jeopardy barred the trial court from entering the contempt judgment because a jury had acquitted him of unlawful possession of a firearm in a related case that involved the same conduct. Defendant admits that his assignment of error is unpreserved and asks us to review for plain error. For the following reasons, we affirm.

This case arises out of a unique set of facts that are unlikely to reoccur. Defendant was subject to a restraining order that prohibited him from possessing firearms. As a result, defendant stored his firearms at his friends' house. On December 9, 2020, the state charged defendant with unlawful possession of a firearm, ORS 166.250, and separately charged him with contempt of court, ORS 33.015, ORS 33.065, for violating the restraining order. The state based both charges on allegations that defendant had taken one of the firearms from his friends' house on November 22, 2020.

Although the cases were administratively tracked together, they were never joined. Instead, the cases were tried simultaneously with a jury as the factfinder for the unlawful possession of a firearm charge and the judge as the factfinder for the contempt charge. After the jury retired to deliberate, the judge found defendant in contempt of the restraining order. The jury then returned a verdict acquitting defendant of the unlawful possession of a firearm charge. Defendant raised no issue with the two verdicts. Notwithstanding the jury acquittal on the underlying conduct, the judge entered a judgment of contempt against defendant.

On appeal, defendant takes the position that double jeopardy prevented the trial court from entering the judgment of contempt. We understand defendant to argue that, based on when jeopardy attached (when the jury was empaneled and sworn for the misdemeanor case versus when the

first witness was called for the contempt case), the unlawful use of a firearm case is the first case for double jeopardy purposes. Defendant further argues that because the unlawful use of a firearm case was the first case, the jury's acquittal in that case barred the entry of the contempt judgment in the second case. Because the argument is unpreserved, defendant asks us to review for plain error.

Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

Here, we begin and end with the first step. Although we agree with defendant that jeopardy attached first to the unlawful possession of a firearm case, it is not "obvious and not reasonably in dispute" that the contempt case was a second prosecution that gives rise to a double jeopardy violation. Indeed, the double jeopardy cases suggest that the constitutional concern is with the pursuit of a prosecution that begins after *conclusion* of the first case. *E.g.*, *Ashe v. Swenson*, 397 US 436, 443, 90 S Ct 1189, 25 L Ed 2d 469 (1970) (characterizing collateral estoppel in the criminal context as a question of "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any *future* lawsuit" (emphasis added)); *Green v. United States*, 355 US 184, 187, 78 S Ct 221, 2 L Ed 2d 199 (1957) ("[T]he State with all its resources and power should not be allowed to make *repeated attempts* to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity" (emphasis added)). Defendant cites no case, and we have found none, in which a court has found a double jeopardy violation based on cases that started on the same day in the same courtroom. Defendant also does not cite any case, and we have found

none, that involves two contemporaneous prosecutions and in which a court found a double jeopardy violation because the trial that started first concluded second. Accordingly, there is no plain error.

Affirmed.