682 May 22, 2024 No. 340

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES HENRY ANGLIN,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR68977; A179701

Ulanda L. Watkins, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals his convictions for felony fourth-degree assault and harassment, arguing that the trial court plainly erred when it failed to intervene when the prosecutor referred to the complainant as the "victim." The use of the term, he argues, communicated the prosecutor's personal opinion about the complainant's credibility. *See State v. Sperou*, 365 Or 121, 129, 442 P3d 581 (2019) ("At trial, lawyers are * * * prohibited from giving their personal opinions on the credibility of witnesses."). Even assuming the court committed plain error, we decline to exercise our discretion to correct the error, and thus, affirm.

The facts relevant to our decision are procedural. Defendant waived his right to a jury trial and proceeded to a bench trial. In opening statements, the prosecutor repeatedly referred to the complainant as "the victim." The prosecutor did so once again when questioning a witness. Defendant never objected to the use of the term.

To constitute plain error, the asserted error must be an error of law that is not reasonably in dispute and appears on the face of the record. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Even when an error meets those prerequisites, we have the discretion whether to correct the error or not. *Ailes*, 312 Or at 382 n 6.

Here, even if the error is plain, we decline to exercise our discretion to correct it. Our decision is driven primarily by two considerations: (1) we believe it is very unlikely that the trial court's verdict was affected by the use of the term, and (2) the error could have been easily corrected had defendant objected.

First, it is unlikely that a trial court's verdict will be swayed simply by the prosecutor referring to the complainant as the victim—at least, when (as here) the term is not used in an emotionally inflammatory manner.

Second, had defendant objected to the improper use of the term victim, the problem could have been easily corrected. The court could have instructed the prosecutor not

to use the term again. Had it done so, the court would have been readily capable of disregarding those comments in reaching its verdict. *See State v. Miller*, 327 Or App 740, 753, 537 P3d 191, *rev den*, 371 Or 715 (2023) ("We have no doubt that the trial judge would have been able to disregard [the prosecutor's improper] statements if defendant had objected and the court had stricken them."); *State v. Murphy*, 319 Or App 330, 340, 510 P3d 269 (2022) (declining to exercise discretion to correct vouching-related plain error, in part, because "the error could have been easily corrected (and a retrial avoided) had defendant objected"). For the two reasons stated above, we affirm.

Affirmed.