804 May 30, 2024 No. 363

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. F.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. F.,
*Appellant.*

Lane County Circuit Court
23CC01372; A181068

Charles M. Zennaché, Judge.

Submitted April 22, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Appellant appeals from a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days. Appellant contends that the record was insufficient for the trial court to find that he was dangerous to others and therefore a person with a mental illness. *See* ORS 426.005(1)(f)(A) (defining "[p]erson with mental illness" as "a person who, because of a mental disorder, is * * * [d]angerous to self or others"). Appellant also argues that the trial court plainly erred in failing to fully advise him at the outset of the hearing of the possibility of community treatment. We affirm.

As to appellant's first assignment of error challenging the trial court's finding of dangerousness, viewing "the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition," we conclude that the evidence is legally sufficient to permit that finding. *State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (internal quotation marks omitted). Specifically, appellant, who frequently armed himself with a gun, was experiencing delusions causing him to believe that many people wanted to kill him. As a result of those delusions, he engaged in a physical altercation with his landlord, aggressively confronted his roommates, and waved his gun around the shared home, causing police to order the roommates to shelter in place so that police could take appellant into custody. That evidence was sufficient to support the trial court's finding of dangerousness. *See, e.g.*, *State v. J. D.*, 315 Or App 316, 321, 499 P3d 113 (2021) (concluding that an appellant's escalating aggressive behavior combined with efforts and an ability to obtain weapons and ammunition sufficient, by clear and convincing evidence, to establish dangerousness).

In his second assignment of error, appellant argues that the trial court plainly erred because, although the court advised him of all possible outcomes of the civil commitment hearing, it failed to advise him that the outcome of court-ordered outpatient treatment could not exceed 12 months in duration. *See State v. M. M.*, 288 Or App 111, 113, 405 P3d 192 (2017) (concluding that the trial court plainly erred in

failing to advise appellant of all possible outcomes of a civil commitment proceeding, including possibility of voluntary treatment or conditional release); ORS 426.130(2) (providing that a court-ordered "period of assisted outpatient treatment shall be for a period of time not to exceed 12 months"). Although it is beyond dispute that a trial court must advise of all possible outcomes of a civil commitment proceeding, a "court is required only to give general and comprehensible information about the possible results of the hearing." *M. M.*, 288 Or App at 115. We have not previously held that the maximum length of outpatient treatment is a required component of that "general and comprehensible information." Because that question is reasonably in dispute, it cannot amount to plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 959 (1991) (to qualify as plain error, an alleged error must not be "reasonably in dispute").

Affirmed.