598 July 2, 2025 No. 587

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROGELIO ESQUIVEL,
*Defendant-Appellant.*
Marion County Circuit Court
20CR13573; A182649

Michael Y. Wu, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment revoking his probation. Defendant was on probation for first-degree burglary. As part of a negotiated plea and sentence, he was sentenced on a downward dispositional departure to 60 months' probation for that crime. After a report from his probation office alleging violations of several probation conditions, including the conditions that he obey all laws, not enter bars or taverns, and not use or possess alcohol, the court issued an order to show cause why probation should not be revoked. When defendant appeared for the revocation hearing he admitted to the alcohol violation. The court revoked his probation and sentenced defendant to 66 months' incarceration and 36 months' post-prison supervision. Defendant challenges that disposition on appeal, arguing that the court either erred or plainly erred by revoking his probation and imposing the sentence based on criminal conduct to which he had not admitted and that was not in evidence. We affirm.

At the probation revocation hearing, the court heard from defendant's family members, who explained that defendant had both mental and physical health issues, and from defendant's mentor, who said that defendant had been attending substance abuse classes consistently and engaging with the program. In addition, the prosecutor recounted the circumstances that had led to defendant facing probation revocation: He had consumed alcohol, had entered a place that had "trespassed" him, and he had behaved aggressively toward the patrons inside, swinging his fists at them. The prosecutor also refuted defendant's argument that he had been consistently engaged in treatment and trying to stay sober. She noted that defendant had previously been sanctioned three times by his probation officer, once for positive urinalyses for methamphetamine, indicating that he had been using methamphetamine consistently, and another two sanctions that were also for alcohol and methamphetamine use. Defense counsel responded that defendant had not admitted to any new crimes.

After both sides had presented their cases, the court addressed defendant.

"Mr. Esquivel, based on your admission, you are in violation of your supervised probation, you were sentenced as a 9A, which was presumptive prison, and then there was a downward dispositional departure to supervised probation. As a condition of your probation, you were to not use alcohol, you are in violation of that. Your attorney, your family have put on a very compelling case about why you deserve another opportunity and I can see from their statements, your counselor's statements that you're somebody who is attempting to try to do better.

"My concern is at this point is, is that I do have evidence in the record that, even with your best attempts, you continue to struggle with your sobriety, and when you struggle to continue—when you struggle with your sobriety, you commit crimes potentially, and that is a danger to the community.

"So I will not—I will revoke your probation, I will sentence you pursuant to that 9A grid block, I will sentence you to the lower range, the 66 months, you'll be given credit for time served, eligibility for good time, programming, also eligibility for any alternative incarceration program, any program which may or may not reduce your sentence you will be eligible for. You will be placed on three years of post-prison supervision at the conclusion of your sentence. All right. I hope you are—take advantage in DOC because they do have programming designed around alcohol and drug use, and so that when you get out, that you can really make a strong go of it, but your record and your performance on probation just caught up with you in this case, although I can tell your family cares about you a great deal."

Defendant contends before us that the trial court impermissibly revoked his probation based on facts that were not in evidence, namely that he had purportedly committed new crimes, rather than on his consumption of alcohol in admitted violation of his probation conditions. Having reviewed the record, we conclude that defendant did not preserve the argument that he raises before us. Defendant did not argue to the trial court that it had wrongly revoked probation based on facts not in evidence or on any purported new crimes. We therefore turn to the issue of plain error.

To qualify as "plain error," a claimed error must be one of "law" that is "'apparent,' *i.e.*, the point must be obvious, not reasonably in dispute," and the error "must appear 'on the face of the record,' *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." *Ailes v. Portland Meadows Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (quoting *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990)). Further, once we are satisfied that an error is plain, we must still exercise our discretion to decide whether or not to correct the error. *Id.* at 382.

Among other things, the state disputes that there is plain error that appears on the face of the record, because it is not clear that the court based its decision on matters other than defendant's admission of the alcohol violation. The state also suggests that we should decline to exercise our discretion to consider defendant's unpreserved claim of error. We agree with the state on both of those points.

It is not clear on the face of the record that the court revoked probation for reasons other than defendant's admitted alcohol use. As a result, the trial court did not plainly err. Even assuming that it did, the purposes of preservation would weigh heavily against our exercise of discretion and consideration of any plain error in this instance. Had defendant objected, the court could have easily clarified the record as to what its decision was based on, the parties could have presented and developed their legal arguments about what the court could rely on in making its decision, and the state would have been on notice that it might need to submit facts for the court's consideration in a different form. In other words, this is the type of error that could have easily been avoided. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (one of the purposes of the preservation doctrine is to provide the trial court with an opportunity to avoid error). Because the error is not plain and we would not exercise our discretion to correct it even assuming that it were, we affirm.

Affirmed.