No. 786          August 27, 2025          173

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAIME CARRASCO,
*Defendant-Appellant.*

Lincoln County Circuit Court
16CR34189; A182924

Amanda R. Benjamin, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Defendant appeals from a judgment revoking probation and sentencing him to 30 months' imprisonment and two years of post-prison supervision. Defendant was convicted of first-degree theft, ORS 164.055. He was sentenced to a dispositional departure sentence of probation pursuant to a plea agreement which provided that, if probation were revoked, the court "may impose" a 30-month prison sentence "with no good time or early release." When defendant's probation was revoked, he was sentenced to 30 months' imprisonment. On appeal, defendant contends first, that his sentence is reviewable, and second, that the trial court plainly erred when it sentenced him to 30 months' imprisonment which, he argues, exceeds the maximum sentence permitted under OAR 213-010-0002(2) upon revocation of probation.[1] We affirm.

The parties' central dispute is whether ORS 138.105(9) bars our review of defendant's sentence. Subsection (9) states that "[t]he appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." However, even if we accepted defendant's argument that his sentence is reviewable—and we express no opinion on whether it is reviewable—the record below does not show that the trial court plainly erred, and even if it were plain error, in light of the circumstances of this case, we would not exercise our discretion to correct any error.

To qualify for plain error review under ORAP 5.45, the asserted error "must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Then, we must decide whether to exercise our discretion to review and correct the error. *Id.* at 630; *see also* ORAP 5.45(1) (providing an appellate court "may, in its discretion, consider a plain error"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) ("the appellate court must

---

[1] As relevant here, the rule provides that, for a probationary sentence that departed from a presumptive prison sentence, "the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months." OAR 213-010-0002(2).

exercise its discretion to consider or not to consider" a plain error). Defendant argues that his maximum presumptive sentence was limited to 16 months, pursuant to the parties' stipulation to a sentencing guidelines grid block classification of 5-A. He signed a plea petition, however, that listed the presumptive sentence as "30 months." There is also evidence in the record indicating that the 30-month sentence applied pursuant to ORS 137.717(1)(b) and (3)(a) (2016), *amended by* Or Laws 2017, ch 673, § 5; Or Laws 2023, ch 151, § 2, which provide for a sentence of up to 30 months for repeat property offenders based on the number of qualifying convictions. That longer statutory sentence trumps a shorter term prescribed by the guidelines grid. *See* ORS 137.637 ("When a determinate sentence of imprisonment is * * * authorized by statute, the sentence imposed shall be the determinate sentence or the sentence as provided by the [sentencing guidelines], whichever is longer."). Thus, it appears that the trial court could properly impose the 30-month prison sentence because the 30-month sentence was the presumptive prison term that could have been imposed initially. OAR 213-010-0002(2). The record certainly does not establish a plain error.

Even assuming that the asserted error was plain, we would not exercise our discretion to correct it in this case. Defendant did not raise the issue of the length of his presumptive sentence before the sentencing court but argued, instead, that his probation should be continued so that he could pay restitution; the trial court therefore did not have an opportunity to consider defendant's argument. And, in light of defendant's stipulation to a presumptive sentence of 30 months in his plea agreement, the ends of justice would not weigh in favor of exercising our discretion to consider this error. *See Ailes*, 312 Or at 382 n 6 (outlining factors to consider in deciding whether to exercise discretion to consider a plain error, including "the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error").

Affirmed.