734 December 17, 2025 No. 1087

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL WAYNE MISKELL,
aka Michael Wayne Miskill,
*Defendant-Appellant.*

Polk County Circuit Court
22CR52961, 22CR50697, 22CR31097;
A181717 (Control), A181718, A181719

Monte S. Campbell, Judge.

Argued and submitted November 25, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

In Case No. 22CR52961, affirmed. In Case No. 22CR31097, appeal dismissed as moot. In Case No. 22CR50697, appeal dismissed as moot.

_____

\* Lagesen, Chief Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

In this consolidated appeal, defendant appeals from judgments of conviction for felon in possession of a firearm (Case No. 22CR31097), first-degree failure to appear (Case No. 22CR50697), and first-degree robbery, unlawful use of a weapon, coercion, felon in possession of a firearm, and unauthorized use of a vehicle (Case No. 22CR52961). In his first assignment of error, which affects only Case No. 22CR52961, defendant asserts that the trial court plainly erred in basing its verdict after a bench trial, in part, on courtroom observations of defendant. In his second assignment of error, defendant seeks a remand for resentencing for all the consolidated cases based on the trial court entering a judgment in Case No. 22CR50697 that imposed fees not pronounced at sentencing. Since submission of this case, the trial court has entered an amended judgment in Case No. 22CR50697, which defendant concedes moots his second assignment of error. We agree and thus dismiss as moot defendant's appeals of Case No. 22CR31097 and Case No. 22CR50697. As to his first assignment of error, we conclude that the trial court did not plainly err and affirm.

Because the parties are familiar with the case, we do not recite the background facts in this nonprecedential memorandum opinion. Instead, we focus on the portion of the trial court's speaking verdict that defendant alleges is reversible plain error. In addressing the charge of felon in possession of a firearm, the trial court stated:

"One thing I'm very sure of is that firearm in the back of that car in the shop was not kept there, and the reason I say that is because I saw the materials that the officers moved from the hood *[sic]*, and they were quite dusty. They would have had to have been there for a very long time to have that much dust on them. There was—took them probably—probably over a minute, I didn't time it—to get everything off of that, and there's no way that somebody is putting the gun in the trunk, putting that stuff on, leaving it there, and that gun is in that kind of shape.

"So that gun went in through the inside of the car—the trunk through the back seat. And so did [defendant]. That back seat was—I saw the officer almost retch that it was so

bad for him, and [defendant] was in there hiding, and he hid that gun.

"Another interesting thing is when they had him come out, it was only one hand, and it was his right hand. People who are right handed typically move with their right hand first, but I've deserved Mr.—I've observed [defendant] through this trial. He writes left handed. So my guess is he was trying to hide that gun because he decided he didn't want to use it at this time, but there's no doubt in my mind that he took it into the trunk with him.

"So he is guilty of Felon in Possession of a Firearm."

(Bracketed *[sic]* in original.) The trial court also stated that it believed that that firearm likely was the same one defendant used in the course of the other crimes, stating: "But there is no doubt in my mind that [defendant] pulled a gun out, and I think it was the same gun that was in the back seat of the car, but if it wasn't, it was the gun that [he] got from Ms. Lupoli when she was loaning him firearms." Defendant did not object to any of the trial court's speaking verdict.

On appeal, defendant acknowledges that his assignment of error is not preserved but argues that the trial court plainly erred in relying on facts not in evidence—*i.e.*, the trial court's observation that defendant wrote with his left hand—in rendering its verdict. *See State v. McDougal*, 299 Or App 96, 449 P3d 919 (2019) (accepting state's concession that the trial court erred in relying on its own knowledge about cell phone technology, which was a fact not in evidence, when it found defendant guilty). We reject defendant's argument because the trial court's observation does not qualify as plain error.

A plain error must be an error of law; obvious, and not reasonably in dispute; and it must appear on the face of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Here, the alleged error is that the court relied on its in-court observation of defendant writing with his left hand, which was a fact not in evidence. We conclude that the court's observation does not constitute plain error primarily for the reason that the trial court only referred to that observation with respect to the court's

"guess" as to what defendant was doing with his left hand when he raised only his right hand for the police when the police confronted him in the trunk of the car. It is not obvious, and thus not plain, that the court's "guess" about what defendant was doing at that moment in time was a basis for the court's verdict. The trial court stated directly after that guess that "there's no doubt in my mind that he took [the gun] into the trunk with him." The court's stated in-court observation of defendant does not plainly demonstrate that the court improperly relied on facts not in evidence.

In Case No. 22CR52961, affirmed. In Case No. 22CR31097, appeal dismissed as moot. In Case No. 22CR50697, appeal dismissed as moot.