730 December 17, 2025 No. 1086

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACOB RILEY BURRELL,
*Defendant-Appellant.*

Lane County Circuit Court
23CR00274; A181125

Stephen W. Morgan, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, P. J.

Remanded for resentencing.

_____
\* O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for felony strangulation constituting domestic violence (Count 1), fourth-degree assault constituting domestic violence (Count 2), and interfering with making a report (Count 3). As relevant to this appeal, on Counts 2 and 3, the trial court imposed 36 months of supervised probation with general and special conditions. On appeal, defendant challenges the imposition of two special probation conditions. The state concedes that the trial court erred in imposing the two written special conditions because they are more restrictive than the ones announced at sentencing. The state asserts that we should remand for resentencing, but defendant argues that we should reverse the conditions without a remand for resentencing. We accept the state's concession as well taken and further conclude that the correct disposition is to remand for resentencing. At resentencing, defendant will have an opportunity to raise arguments about the propriety of the special probation conditions.

In this case, with respect to the special conditions of probation on Counts 2 and 3, the court stated, in addition to imposing jail time:

> "That all domestic violence conditions of supervision would apply. That is to include that you engage in a case plan with them, that to include domestic violence treatment and that you complete any polygraphs that are reasonably requested by the Probation Officer, that you comply with any geographic electronic surveillance or curfews that are reasonably requested by the Probation Officer, that you have no contact with the named victim without written permission of the Probation Officer.
>
> "* * * * *
>
> "No dangerous or deadly weapons. Not to engage in sexually intimate or romantically intimate relationships without the prior written permission of the Probation Officer, and I think those are all the conditions of the standard domestic violence conditions of probation."

Defendant did not object to those conditions. The trial court included special conditions of probation for Counts 2 and 3 in the written judgment.

On appeal, defendant challenges two of the special probation conditions in the judgment: Defendant shall "[p]articipate in random polygraph examinations to obtain information for risk management and treatment at the direction of the probation officer. The probationer is responsible for paying the expenses of the examinations"; and defendant shall "[c]omply with Curfew/Electronic Supervision Program/Geographic restrictions at the direction of the probation officer." Defendant argues that we should reverse those conditions because they are more restrictive than and add terms to the conditions announced in open court and because the court plainly erred because those conditions are not reasonably related to defendant's criminal conduct and needs.

The state concedes that the two written special probation conditions differ from the court's oral pronouncement and that the conditions are erroneous to the extent that they differ. The state also argues that the correct disposition is to remand for a new sentencing hearing.

We accept the state's concession as well taken. We further agree with the state that the correct disposition is for a new sentencing hearing. We disagree with defendant that the difference between the announced conditions and the written conditions are merely clerical errors that court should fix without a resentencing.

We also reject defendant's argument that the two special conditions should be reversed without a remand for resentencing, which is premised on defendant's argument that the court plainly erred in imposing any special conditions for polygraph examinations or curfew and geographic limitations because they were not reasonably related to defendant's crimes or needs. *See* ORS 137.540(2) (permitting a court to impose special conditions of probation "that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both"). Defendant's argument requires us to determine whether to review the trial court's imposition of the conditions as plain error. A plain error must be an error of law; obvious, and not reasonably in dispute; and it must appear on the face of the record. *Ailes v. Portland*

*Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). If an error is plain, we must then determine whether to exercise our discretion to correct the error. *Id*.

Here, even if the trial court plainly erred, we would not exercise our discretion to correct the error. Based on the court's error in imposing special conditions that are more restrictive than those announced in open court, this case must be remanded for resentencing. With a remand for resentencing, defendant will have an opportunity to present his argument to the trial court that the polygraph condition and the curfew and geographic restriction condition cannot be imposed on him. That, in turn, will give the trial court an opportunity to consider and address that issue in the first instance. Defendant has not persuaded us that it would be appropriate for us to instead correct the issue in a plain error posture.

Remanded for resentencing.